# Mary B. Schively and Albert Schively v. The Borough of Jenkintown, Appellant.

*Negligence—Boroughs—Defective sidewalk—Question for jury.*

In an action against a borough to recover damages for personal injuries the case is for the jury where the evidence for the plaintiff tends to show that a piece of board had been placed on a sidewalk to enable persons passing to keep out of the mud; that plaintiff stepped upon the board for the very purpose for which it was intended, and that she did not previously know the condition of the footwalk.

Argued Feb. 1, 1897. Appeal, No. 306, Jan. T., 1896, by defendant, from judgment of C. P. Montgomery Co., March T., 1895, No. 97, on verdict for plaintiffs. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WEAND, J.

Mary B. Schively had also brought a separate suit against the defendant, and by consent of the parties the two suits were consolidated.

At the trial it appeared that about dusk on the evening of April 4, 1894, the plaintiff, Mary B. Schively, was walking on Cedar street, in the borough of Jenkintown, and fell on the sidewalk, and was injured. The evidence was conflicting as to whether there was any boardwalk in position at the place where the accident occurred. The evidence showed however that there was a wet, muddy place where a board had been placed to enable persons passing to keep out of the mud. The plaintiff stepped upon this board which slipped from under her and threw her down. She testified that she did not previously know the condition of the sidewalk. Hugh O'Neil, one of plaintiff's witnesses, described the condition of the sidewalk as follows:

" Cedar street has existed there beyond my recollection. It has always been very much traveled. On the west side of Cedar street from Greenwood avenue to West avenue was a board-walk about three feet wide. It was a mud street through there. The boardwalk varied in height above the street. At the time of this accident it was eighteen inches above at the point where the accident occurred. There had been a boardwalk down there I guess for twenty-five years. It had been on Cedar street between West avenue and Greenwood avenue for twenty-five years. It was all along that street, covering the place where this accident occurred. At the place in question it was very poor. For a number of feet there was no boardwalk at all. Part of the old sleepers remained, that is, the two ties that ran, one alongside of the fence and one on the gutter side, with boards nailed crosswise. The boards had been removed or rotted away and got scattered, and along there it was very bad, but above at Mr. Mather's front he kept his boardwalk in fair condition, and below it was very fair, but at this particular place it seemed no attention was given to it, and people would gather boards and bring them along with them at times, and throw them there to have a place to step on, and at the very corner of this property, the bank being pretty high, some eighteen inches above the gutter, and rounded, I have known people to step on these boards and slip. I was a member of town council from 1887 to 1893. I was chairman of the committee on streets."

The court refused binding instructions for defendant.

Verdict and judgment for Albert Schively $700, and for Mary B. Schively $800. Defendant appealed.

*Error assigned* was refusing binding instructions for defendant.

*James B. Holland,* with him *John M. Dettra,* for appellant.— It cannot be said the borough was negligent in having a side-walk composed of natural earth, so long as it was not dangerous other than the natural inconvenience arising out of the fact that in rainy weather it would become muddy : 24 A. & E. Ency. of Law, 44 ; Fair v. Phila., 88 Pa. 309 : Carr v. Northern Liber-ties, 35 Pa. 324 ; Allentown v. Kramer, 73 Pa. 406 ; R. R. v. Feller, 84 Pa. 228.

Neither actual nor constructive notice was given of any unsafe condition existing at the time of the accident, and "it was error to submit the question of liability of the borough to the jury:" Burns v. Bradford, 137 Pa. 361.

Plaintiff was guilty of contributory negligence: Robb v. Connellsville, 137 Pa. 42; Erie v. Magill, 101 Pa. 616; Dehnhardt v. Phila., 15 W. N. C. 214; Fleming v. Lock Haven, 15 W. N. C. 216.

*N. H. Larzelere,* with him *M. M. Gibson,* for appellees.—The case was for the jury: Nanticoke Borough v. Warne, 106 Pa. 373; Merriman v. Borough, 168 Pa. 78; Crumlich v. Harrisburg, 162 Pa. 624; Fee v. Columbus Borough, 168 Pa. 382.

PER CURIAM, February 22, 1897:

In any aspect of this case it was for the jury. When the plaintiff stepped on a piece of board lying on the sidewalk to enable persons passing to keep out of the mud, she made use of an appliance presumably furnished by the defendant to facilitate the passage. She did not stumble against it or on it, she simply stepped upon it for the very purpose for which it was intended. But it slipped and threw her over, causing her injury. The question whether this was a negligent maintenance of the sidewalk was necessarily for the jury, and they found that it was. They were certainly at liberty to do this under the evidence.

There is nothing in the allegation of contributory negligence on the part of the plaintiff. She testified that she did not know the condition of the footwalk, and without such knowledge she was certainly not guilty of negligence in using the street.

Judgment affirmed.