## McConway, Appellant, v. Philadelphia.

*Negligence—Cities—Unpaved street—Nonsuit.*

It is not negligence in a city not to remove boards or other temporary aids to crossing an unpaved street placed there by citizens for convenience in muddy weather: Schively v. Jenkintown, 180 Pa. 196, distinguished.

Argued March 30, 1904.   Appeal, No. 67, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 2257, refusing to take off nonsuit, in case of James McConway, by his father and next friend Robert McConway, v. City of Philadelphia.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

At the trial a nonsuit was entered, BRÉGY, J., filing the following opinion :

Notwithstanding the case of Schively v. Jenkintown Borough, 180 Pa. 196, I will enter a nonsuit in this case, and I will, for the purpose of enlightening counsel in the argument that will follow, briefly indicate my reasons therefor.

The testimony shows that four or five small boys, the plaintiff being about seven years of age, were playing soldiers. They came down the street in single file, and as they reached the corner of this street they proceeded to cross over the street, which was unpaved.   They walked upon a plank, or board, or what some call a beam, which was a piece of wood exactly six inches wide and four inches thick, and about nine or ten feet long.   The boys proceeded along with safety until this plaintiff started across the board.   He was next to the last boy in line, and as he got half way across he was notified by his brother, who was the last boy and who did not step on the plank, but stayed on the pavement, that they were forbidden to go across that board onto the other side of the street by their parents, and the plaintiff turned around to come back, and, in turning, the board, which was wobbly, as he said, as he walked across, threw him, or he fell, and he broke his arm.

Now, this was an unpaved street, and it cannot be negligence

on the part of the city to have a street unpaved, because they have the right not to pave a street, if they see proper to do so, until the time arrives when, in the judgment of the city authorities, it is necessary and proper to pave the street.    Therefore, there is no negligence in not having the street paved.

An unpaved street must necessarily in bad weather be muddy and slippery, and must, if wagons and horses traverse it, become rutty—or have ruts in it.    It appears that somebody, probably the neighbors—there being no evidence that it was the city at all, or any agent of the city—for their convenience, and to enable them to walk across this muddy road or street, when it was muddy, had put down pieces of boards, and other things, pieces of tin, which they stepped on in crossing this street. The only necessity for stepping on those things was to keep their shoes from being soiled by the mud ; they could have walked in the mud, if they saw proper to do it.    Therefore, the question is—as this board on which the boy fell had been in the street undoubtedly long enough to give the city notice of it being there, as, if the last witness is to be believed—and he appeared to be a reliable one—it was there at least two weeks, there is no question of notice to the city—or constructive notice—but the question is, whether in any unpaved street, which was muddy in rainy weather, or when the frost came out of the ground, it was negligence in the city authorities not to remove boards and planks which citizens had put down there, so they could cross the street without getting their feet muddy. I cannot see how the city authorities could have said, " We will not allow you to have boards there to walk on to keep your feet clean," and as I do not think it was negligence not to remove it, I do not see that there was any negligence at all, and for that reason I enter a nonsuit.

I have not touched the question of proximate cause, as what I have already said does not make that necessary.    I do not mean to say that there might not be something it it; I think it is rather close, but I do not decide it on that ground.

*Error assigned* was refusal to take off nonsuit.

*C. J. Hepburn*, with him *J. Barton Rettew*, for appellant.

*Harry T. Kingston*, assistant city solicitor, with him *Joseph*

*S. MacLaughlin* and *John L. Kinsey*, city solicitor, for appellee.

PER CURIAM, May 16, 1904:

In Schively v. Jenkintown, 180 Pa. 196, there was a board walk of long standing but which had been allowed to get out of repair, and the neighbors or persons using it had thrown down boards from time to time for temporary use in keeping out of the mud.    At the point where the accident occurred the principal witness, as quoted in the report, testified that " the bank being pretty high, some eighteen inches above the gutter, and rounded, I have known people to step on these boards and slip." In one view of the evidence therefore it was a place of danger, especially about dusk when the accident had happened, and the negligence of the borough in permitting it to remain in that condition was necessarily a question for the jury.

In the present case under the facts as stated by the learned judge in entering the nonsuit, there was no sufficient evidence to warrant the inference that the place was dangerous and that the city was negligent in permitting the board to remain there.

Judgment affirmed.