## William Allen *v.* DuBois Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Contributory negligence.*

In an action against a borough to recover damages for personal injuries caused by a fall on a defective sidewalk, the case is for the jury where the evidence tends to show that the sidewalk was, at the place of the accident, more or less rotten, and that some of the boards had become loosened, but that there was no manifest danger in attempting to pass over it, and that the only way of avoiding the defective part was by taking the wagon road around it.

Argued April 20, 1897. Appeal, No. 343, Jan. Term, 1896, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1895, No. 351, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SAVIDGE, P. J., of the 8th judicial district specially presiding.

The facts appear by the opinion of the court discharging rule for new trial, which was as follows:

The walk in question was out of repair and had been in an unsafe condition for a long time, as appears clearly from the evidence, and sufficient time had elapsed to visit the borough officials with constructive notice as also appears. The evidence of the plaintiff's intoxication was very slight, and there was very little, if anything, to warrant a jury in finding that he was guilty of contributory negligence by reason of the manner in which he passed over this boardwalk. So there can be no complaint of the jury having found with him on those questions.

Whether the plaintiff was warranted in undertaking to pass over the defective walk, in the light of the knowledge he had of its condition, is the only question upon which there can be any doubt; and we believe that was a question of fact for the jury and not one of law for the court. There was no pavement on the opposite side of the street over which he could have gone. He could have avoided this pavement only by taking the wagon road around it. Had the danger been apparent to him this would, of course, have been his duty. Whilst he knew that the material of which the walk had been constructed was more or less rotten, and that some of the boards had become loosened, yet it does not appear that there was manifest danger in attempting its passage. The walk had been in this condition for a long time. Others had been constantly using it and no accidents had occurred, so far as we know. The boards were in place and there was nothing to indicate to the plaintiff that he could not safely pass over it, as he had done many times before. We do not understand that it is, under all circumstances, the duty of a pedestrian to go out of his way to avoid a defective pavement. Such is unquestionably the rule where the danger is apparent. Where, however, as in this case, the

risk is not obvious, it becomes a question of fact for the determination of the jury whether or not there is contributory negligence in the attempted passage.

Believing, therefore, that to have withdrawn this question from the jury would have been error, and being convinced that every question of fact was fully and fairly submitted to them, we do not think it would be just to sustain this rule and give the defendant a second chance before a jury.

Forker v. Sandy Lake Borough, 130 Pa. 123, supports the conclusion we have reached. See, also, Township v. Gibbons, 5 Central Rep. 222. The rule for a new trial is discharged.

Verdict and judgment for plaintiff for $1,098.33. Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*W. C. Pentz*, for appellant.—Contributory negligence in any degree on the part of plaintiff will prevent recovery in an action: Monongahela City v. Fischer, 111 Pa. 9; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Lynch v. Erie City, 151 Pa. 380; Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160; Waters v. Wing, 59 Pa. 211; Erie v. Magill, 12 W. N. C. 409; Dehnhardt v. Phila., 15 W. N. C. 214; Hentz v. Boro. of Somerset, 2 Pa. Superior Ct. 225; Chartiers Twp. v. Phillips, 122 Pa. 601.

A traveler on a public road who does not avoid a known danger when he might have done so, is guilty of contributory negligence: Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Hill v. Twp. of Tionesta, 146 Pa. 11; Brendlinger v. New Hanover Twp., 148 Pa. 93.

*A. L. Cole*, with him *H. A. Moore*, for appellee, cited, Kingston Twp. v. Gibbons, 5 Cent. Rep. 222; Forker v. Sandy Lake Borough, 130 Pa. 123; Shaw v. Phila., 159 Pa. 487; Gschwend v. Millvale Borough, 159 Pa. 257; Chilton v. Carbondale, 160 Pa. 463; Smith v. City of New Castle, 178 Pa. 298; Davidson v. Lake Shore, etc., Ry. Co., 179 Pa. 227.

PER CURIAM, May 3, 1897:

According to the practically undisputed evidence, the borough officials were grossly negligent in permitting the board

walk in question to remain so long in an unsafe condition; and doubtless the jury had no difficulty in finding that defendant's negligence in that regard was the proximate cause of plaintiff's injury.   But it is contended that the evidence of plaintiff's contributory negligence was such as to make it the duty of the court to withdraw the case from the jury by directing a verdict for defendant.   This position is untenable.   While there was some testimony tending to show that plaintiff failed to exercise that degree of care that an ordinarily prudent man would have done in the circumstances, it was clearly for the consideration of the jury, and to them it was rightly submitted.   The state of the evidence was not such as would have justified the court in declaring as matter of law that plaintiff was guilty of contributory negligence.   The questions involved were both questions of fact which the jury alone could legally determine; and they were accordingly submitted to them with substantially correct and adequate instructions.   Neither of the specifications of error is sustained.

Judgment affirmed.