# Harry Evans v. The Borough of Brookville, Appellant.

*Negligence—Contributory negligence—Question for jury.*

A municipality is liable when through the negligence of its officers a sidewalk is permitted to fall into a condition dangerous to foot passengers.

Whether a citizen is guilty of contributory negligence is for the jury when there is evidence tending to show that he used a defective sidewalk although he knew its condition to be defective; that he avoided as much of the walk as he knew to be dangerous and was injured in attempting to use a part which appeared to be safe and which he believed to be so.

Argued May 4, 1897. Appeal, No. 112, April Term, 1897, by defendant, from judgment of C. P. Jefferson Co., May T., 1894, No. 324, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for personal injuries. Before REED, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in answer to defendant's eighth point, which point and answer are as follows :·  "8. Under all the pleadings and evidence in the case the plaintiff cannot recover and the verdict of the jury should be for the defendant.  *Answer :* This point raises a question which we submit to you, viz : Whether under all the evidence the plaintiff is entitled to recover.  We do not see our way clear to determine this question as matter of law, and submit it to you as a question of fact."

*W. F. Stewart* and *C. Z. Gordon,* for appellant.—The facts affecting the question of contributory negligence were furnished by the plaintiff's testimony, and being uncontroverted, their legal effect was a question of law for the court, and should not have been submitted to the jury : Delaware, L. & W. R. Co. v. Cadow, 120 Pa. 559; Monongahela City v. Fischer, 111 Pa. 9; Erie v. Magill, 101 Pa. 616 ; Railway Co. v. Taylor, 104 Pa. 306.

A party cannot recover damages for an injury which by the exercise of reasonable care he might have avoided: Buzby v. Traction Co., 126 Pa. 559; Railroad Co. v. Cadow, 120 Pa. 559; Robb v. Connellsville Borough, 137 Pa. 42.

Where the uncontroverted testimony shows any degree of contributory negligence the plaintiff cannot recover, and the court should take the case from the jury.  Sustained in Barnes v. Sowden, 119 Pa. 53 ; Ry. Co. v. Taylor, 104 Pa. 306; Winner v. Oakland Township, 158 Pa. 405 ; Forks Township v. King, 84 Pa. 230.

*George A. Jenks,* with him *John Conrad & Son,* for appellee.

OPINION BY ORLADY, J., July 23, 1897 :

Harry Evans, the plaintiff in this case, recovered a verdict of $1,000 as damages for injuries resulting from a fall on a defective sidewalk in the borough· of Brookville.  The plaintiff was on his way to his home, about 9 o'clock in the evening, when he came to the boardwalk, with which he was acquainted, and over which he had frequently passed, and knew that it was not in good condition.  In passing over the walk he stepped on the edge of a plank which, as he describes it, "flopped and caught my other foot and throwed me into the gutter."

For the plaintiff it was shown that this was the usual way

for persons traveling on foot to pass; that the other side of the street was not sidewalked by the borough, and that for sometime previous to the happening of this accident, complaint had been made of the condition of this boardwalk in question; that some of the boards and sleepers supporting them had rotted; that some boards had been thrown out of their place so as to leave open ground exposed, and that the plank on which the plaintiff tripped was the first one beyond the exposed place; that notice that the walk was defective and should be repaired had been given some six months before by the borough authorities to the tenant of the premises fronting on this part of the walk, and that there was nothing in the appearance of the board on which the plaintiff stepped to indicate that it was unsafe for use. He was accompanied by a young man who successfully passed the dangerous place immediately in front of him, and it had been used in safety during that and a number of preceding days, without any apparent change in its condition.

The defendant's eighth point, which is the subject of the only specification of error, viz: "Under all the pleadings and evidence in the case, the plaintiff cannot recover and the verdict of the jury must be for the defendant," was answered by the court as follows: "This point raises the question which we submit to you, viz: whether, under all the evidence the plaintiff is entitled to recover. We do not see our way clear to determine this question as matter of law and submit it to you as a question of fact. That this sidewalk was not in the best of condition, that it was in fact out of repair, so far as the wooden structure was concerned, is evident from the testimony, but whether it was in such a state of disrepair as to make it unsafe or dangerous for the public to travel upon, is a disputed question; that it has been constantly and frequently traveled over seems to be an admitted fact." The main contention of the learned counsel representing the appellant, is that Harry Evans was guilty of contributory negligence in using the walk after admitting his knowledge of its condition, and he relies on this admission: "When we came to these premises, we came to the place where there had been three or four plank throwed out of the sidewalk. We had been walking side by side until we came to this; when we came here I dropped a step or so behind him, and also stepped off the side of this hole, and walked around

it. Q. Then you went single file, you behind Everett Wilson, until you came to the far side of the gap in the pavement? A. Yes, sir. Q. Then did you step on the first plank, or did your step go over beyond the first plank that appeared to be solid there, and your toe catch on that, and it raised up? A. I think I stepped with my heel on the edge of one plank, and my toe on the other like, and the two, my recollection of it is, tilted and let my foot down between them. Q. How did you come to fall? A. Then the edge of the plank flopped up and catched my other foot and throwed me into the gutter." The objection to this argument is best answered by the testimony adduced on the part of the defendant to show that the boardwalk was safe for use. George Kiser testified: " Q. State what condition the walk was in that evening above Hughes' gate (referring to October 21, 1893, the date of the accident), that is, on your side of the gate, the east side? A. I saw nothing wrong. I went over it safely; saw nothing wrong at all. There was some loose boards there. Q. What condition was the walk in from that on up east of his gate? A. It was good enough, it was not dangerous, because the boards laid on the ground solid, and unless you would tip them up some way with your foot, you could not be throwed, even if it was out, you would just step down about an inch and a half, not much over that, anyhow." Reuben Lyle for the defendant testified: " Q. State if east of Hughes' gate there was any place there that you would notice dangerous? A. Well now, of course there was a place there that the plank had rotted out, but I would not call it dangerous. Q. Why would it not be dangerous where they were rotten? A. Well, there was a place there that the planks were rotten. Q. About that place what condition, leaving out the place where the planks were rotten, what was the walk like above that place apparently, to look at it? A. Above the place where it is alleged he fell? Q. Above where they were rotten? A. Oh, the pavement there was—I would not call it in a very bad condition. Of course, there was a plank here and there that appeared to be loose, but otherwise I didn't see anything wrong." James P. Black was then called by the defendant: " Q. Did you pass over it frequently? A. Why I suppose once in a couple of weeks is about all I traveled over it. Q. It

seemed to be all right, as far as you saw? A. It never bothered me any."

The evidence is clear that more than four months before this accident happened, the street commissioner of the borough knew of the dangerous condition of this sidewalk and served notice on the owner of the property to repair it. It would be holding citizens of a borough to entirely too rigid a rule to sustain the contention of the appellant, and the court properly left the question to the jury to determine whether under all the evidence in the case the plaintiff was guilty of contributory negligence, as follows : " If the pavement in fact was in so dangerous or unsafe a condition that an ordinarily prudent and cautious person would not attempt to pass over it, and the plaintiff knew it was in this condition, and, notwithstanding, took his chances of getting over safely, and was injured in the attempt, he could not recover,—especially as it appears in the evidence in the case, that he went around the part of the alleged defective and unsafe walk, and we may assume that, by pursuing the same course, he could have safely and practically avoided the entire walk ; but if the plaintiff avoided so much of the walk as he knew to be dangerous, and was injured in attempting to use the part which he believed to be in good and safe condition, and was exercising due care and caution at the time, according to the circumstances, he would present a case free from contributory negligence, and would be entitled to recover such damages as would compensate him for the injury sustained."

Through the indifference of the borough officers the use of this pavement was made dangerous for persons traveling on foot ; the decay of the structural part had so far proceeded that some of the boards were thrown out of their place, and the open ground was used as a walk. The remaining part appeared to be safe for ordinary use, and was so used without accident : Schively v. Jenkintown Borough, 180 Pa. 196 ; Allen v. Du Bois, 181 Pa. 184.

The disputed facts were properly submitted to the jury; the assignment of error is not sustained and the judgment is affirmed.