Samuel S. Mellor, Appellant, v. The Burgess and Town Council of Bridgeport.

*Negligence—Borough—Choice of roads.—Question for jury.*

A person who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination, is not necessarily guilty of negligence because he does not take the safer route. It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say as matter of law that the person using the more dangerous route is guilty of contributory negligence. If the alternative route has dangers of its own, and the dangers of the route actually taken are not so great and obvious as to deter the genera.

public and ordinarily prudent and careful people from using it, the question of the contributory negligence of a person injured in using it is a question for the jury.

Argued Jan 30, 1899. Appeal, No. 296, Jan. T., 1898, by plaintiff, from order of C. P. Montgomery Co., March T., 1897, No. 56, refusing to take off nonsuit. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WEAND, J.

At the trial it appeared that plaintiff was injured while driving on Front street in the borough of Bridgeport on his way home between 6 and 7 o'clock in the evening of November 14, 1896. He had the choice of going either by Fourth street or Front street, and chose the latter. At the point where he turned into Front street from a cross street, the width of Front street was about thirty feet. On the north side of Front street in this point was a steep unguarded embankment extending down to railroad tracks. As plaintiff turned into Front street his horse became frightened by the headlights of a locomotive and backed over the embankment. Plaintiff had frequently driven along Front street, and knew of the embankment and its unguarded condition. He testified that the route by Front street was shorter than that by Fourth street, and that he always took Front street when he was in a hurry. Fourth street was crossed by the tracks of the Chester Valley railroad, and the main line of the Philadelphia & Reading Railroad, and an electric railway was opened upon it. Plaintiff testified as follows: " I had never considered at all whether under ordinary circumstances Fourth street would be safer to drive upon than Front street. It would naturally seem that Front street would not be as safe a street as Fourth street, but I had not considered. In my opinion now it was not as safe a street as Fourth street. I could have gotten to my home, as I have testified I did, by going on Fourth street as well as coming on Front street—that is if there are not any cars standing there to interfere. I believe we would have to cross only one track coming on Front street, and going on Fourth street we would be obliged to cross two tracks; I mean the tracks of the Chester Valley railroad and the main line of the Reading. I think it is a very danger-

ous. place there on Fourth street. . . . In coming down Vine street and up Front street you avoid the trolley."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*N. H. Larzelere*, with him *M. M. Gibson*, for appellant.—The case was for the jury: Stokes v. Ralpho Twp., 187 Pa. 333; Easton v. Neff, 102 Pa. 474; City of Altoona v. Lotz, 114 Pa. 238; Chilton v. Carbondale, 160 Pa. 463; Gates v. Penna. R. Co., 154 Pa. 566; Maynes v. Atwater, 88 Pa. 496; McFarland v. Ins. Co., 134 Pa 590; Humphreys v. Armstrong County, 56 Pa. 204; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Hey v. Philadelphia, 81 Pa. 44; Borough of Pittston v. Hart, 89 Pa. 389; Trexler v. Greenwich Twp., 168 Pa. 214; Jackson Twp. v. Wagner, 127 Pa. 184; Horstick v. Dunkle, 145 Pa. 220; Kitchen v. Union Twp., 171 Pa. 145; Scott Twp. v. Montgomery, 95 Pa. 444; Burrell Twp. v. Uncapher, 117 Pa. 353; Township of Plymouth v. Graver, 125 Pa. 24; Corbalis v. Newberry Twp., 132 Pa. 9; Dalton v. Upper Tyrone Township, 137 Pa. 18; Worrilow v. Chichester Twp., 149 Pa. 40; Merriman v. Phillipsburg, 158 Pa. 78; Finnegan v. Foster Twp., 163 Pa. 135; Sturgis v. Kountz, 165 Pa. 358; Trexler v. Greenwich Twp., 168 Pa. 214; Kitchen v. Union Township, 171 Pa. 145; Yoders v. Amwell Township, 172 Pa. 447; Bitting v. Maxatawny Twp., 177 Pa. 213; Francis v. Franklin Twp., 179 Pa. 195; Pittsburg v. Grier, 22 Pa. 54; Erie v. Schwingle, 22 Pa. 384; Humphreys v. Armstrong County, 56 Pa. 204; Pittston v. Hart, 89 Pa. 389.

*James Boyd* and *Edw. F. Kane*, for appellee.—The appellant was clearly guilty of contributory negligence and, therefore, the learned court below rightly granted a nonsuit. He had the choice of two ways, the one safe, the other unsafe and dangerous. He chose the latter and must now abide by the consequences: Smith v. City, 178 Pa. 301; Haven v. Bridge Co., 151 Pa. 620; Lynch v. Erie City, 151 Pa. 381; Brendlinger v. Twp., 148 Pa. 95; Hill v. Twp., 146 Pa. 11; Forks Twp. v. King, 84 Pa. 233; West Mahanoy Twp. v. Watson, 8 Cent. Rep. 543.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 23, 1899:

This appeal is from the refusal of the learned court below to take off the nonsuit which was ordered at the trial on the ground that the plaintiff was guilty of contributory negligence.

The only question presented here is, whether the evidence was such as required submission to the jury of the questions of negligence and contributory negligence. As to the former, there is no room for any doubt. If the testimony on that subject is true no jury could hesitate to find that the defendant borough was guilty of negligence in leaving the steep embankment down to the railroad tracks unguarded, etc. As to the alleged contributory negligence of the plaintiff, while there is perhaps sufficient testimony to justify submission of the question to a jury, there are no fact or facts either admitted or established by undisputed evidence that would justify a trial judge in declaring, as matter of law, that he was guilty of contributory negligence, and therefore could not recover.

Without unnecessarily consuming time, by reviewing or summarizing the evidence and presenting it here, the foregoing are the conclusions we have reached after a careful consideration of the record. This case was clearly for the jury, and it should have been submitted to them with proper instructions as to the law applicable to the facts which the evidence tended to prove. As to the law of the case, there cannot be any trouble. A person who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination, is not necessarily guilty of negligence because he does not take the safer route. It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as matter of law, that the person using the more dangerous route is guilty of contributory negligence: Stokes v. Ralpho Township, 187 Pa. 333. If the alternative route has dangers of its own, as was the fact in this case, and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of the contributory negligence of a person injured in using it is a question for the jury. The rule laid down in Haven v. Bridge Company, 151 Pa. 620, and recognized in other cases, that "where

a person having a choice of two ways, one of which is perfectly safe and the other . . . . is subject to risks and danger, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover," is not applicable to the facts which the testimony in this case tends strongly to prove.

Without further elaboration of the subject we are satisfied that the judgment of nonsuit should have been taken off, so that the case may be tried by jury and the facts determined by them.

Judgment reversed and procedendo awarded.