## Steck, Appellant, *v.* City of Allegheny.

*Negligence—Contributory negligence—Streets—Ice on footwalk—Knowledge of defect—Province of court and jury.*

In an action against a municipality to recover for personal injuries it appeared that plaintiff while going the usual and direct route to his work about noon stepped on ice, fell and was injured. The street was unpaved, with a cinder sidewalk on each side about five feet in width. At the point of the accident there was a depression or hole in the sidewalk, in which ice had accumulated, five or six feet in length, two inches deep and fifteen to eighteen inches wide. The ground was covered with an inch of snow which had fallen during the morning. Plaintiff and other persons had constantly used the walk and but one person had fallen. At the time of the accident plaintiff was walking carefully. *Held*, that the plaintiff was not as a matter

213      573
h  33 SC  190
213      573
34 SC  412

213      573
f221      ²274
35 SC  319

213    573
f39SC⁴599

of law guilty of contributory negligence but that the question was for the jury.

Where in a suit for damages for injuries received by falling on an accumulation of ice on a sidewalk it appears that all streets were icy and slippery at the time of the accident and that the roadway was in a condition which might render it dangerous, the question as to whether there was a safer route which the plaintiff could have taken is for the jury.

If one is injured in the use of a street known by him to be defective, and the evidence shows that when he entered upon it the danger was imminent and immediate, the court as a matter of law may declare him guilty of negligence, but when the testimony shows a defect of such character that the street can be used with safety by the exercise of reasonable care, notwithstanding its defective condition, whether the injured person performed the duty required of him under the circumstances is a question for the jury.

A person is not guilty of contributory negligence in using a road known by him to be defective unless the danger is so apparent that in the use of ordinary care he ought not to have undertaken its passage.

One who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination, is not necessarily guilty of negligence because he does not take the safer route. If the alternative route has dangers of its own and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent, careful people from using it, the question of contributory negligence of a person injured in using it is for the jury.

The law will not convict a pedestrian of negligence who, while using a sidewalk of a city street, is injured by a defect in the walk of which he was ignorant.

Argued Nov. 3, 1905. Appeal, No. 180, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1903, No. 144, for defendant non obstante veredicto in case of George F. Steck v. City of Allegheny. Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Trespass for personal injuries suffered by plaintiff through a fall on an icy sidewalk. Before MACFARLANE, J.

Verdict for plaintiff for $3,000 subject to a point of law reserved. The court subsequently entered judgment for the defendant non obstante veredicto. Plaintiff appealed.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment non obstante veredicto.

*Richard B. Scandrett*, with him *James E. Barnett, Thomas M. Benner* and *Rody P. Marshall*, for appellant, cited : McCue v. Knoxville Boro., 146 Pa. 580 ; Evans v. Brookville Boro., 5 Pa. Superior Ct. 298 ; Bruch v. Phila., 181 Pa. 588 ; Kellow v. Scranton, 195 Pa. 134 ; McClosky v. DuBois Boro., 4 Pa. Superior Ct. 181 ; Glading v. Phila., 202 Pa. 324 ; Evans v. Phila., 205 Pa. 193 ; Kauffman v. Harrisburg, 204 Pa. 26 ; Reed v. Schuylkill Haven Boro., 22 Pa. Superior Ct. 27 ; Butcher v. Phila., 202 Pa. 1 ; Allen v. DuBois Boro., 181 Pa. 184.

*L. K. Porter*, for appellee, cited : Brendlinger v. New Hanover Twp., 148 Pa. 93 ; City of Erie v. Magill, 101 Pa. 616 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Hill v. Tionesta Twp., 146 Pa. 11 ; Boyle v. Mahanoy City, 187 Pa. 1.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906 :

This action was brought to recover damages for injuries sustained by the plaintiff in falling on the ice which had accumulated in a depression in the cinder sidewalk of Morris street in Allegheny city. The jury returned a verdict for the plaintiff which was taken "subject to a question of law reserved, whether there is any evidence in the case entitling the plaintiff to recover." Subsequently the court entered judgment for the defendant non obstante veredicto on the ground that the plaintiff was guilty of contributory negligence. The learned judge held that the evidence warranted the jury in finding the city negligent. He, however, was of the opinion that in attempting to pass over this part of the sidewalk the plaintiff was negligent as "he knew the condition at this point and passed over it every day."

Morris street is an unpaved street with cinder sidewalks, each of which is about five feet in width. The depression or hole in the sidewalk in which the ice had accumulated on which the plaintiff fell was five or six feet in length, two inches deep and fifteen to eighteen inches wide. The accident occurred as the plaintiff was going the usual and direct route to his work at the Fort Wayne railroad shops shortly after midday on February 10, 1902. The ground was covered with an inch of snow which had fallen during the morning.

Persons are not necessarily prohibited from using a street on a city because it is defective or may be partly obstructed. If this were so, business would be unnecessarily retarded and people would be greatly incommoded in the pursuit of their daily avocations. While, however, such conditions may not of themselves prevent the use of a street they nevertheless impose upon the person using it a higher degree of care than if the street were free from obstructions. In such cases the party traveling the street must use that degree of care demanded by the circumstances of the particular case. If he is injured in the use of the street, known by him to be defective, and the evidence shows that when he entered upon it the danger was imminent and immediate, the court, as matter of law, may declare him guilty of negligence. On the other hand, when the testimony shows a defect of such character that the street can be used with safety by the exercise of reasonable care notwithstanding its defective condition, it is not for the court, but for the jury, to determine whether the injured party performed the duty required of him under the circumstances. In 15 Am. & Eng. Ency. of Law (2d ed.), 468, it is said, citing numerous decisions of many states, including our own, in support of the rule, that "it is generally agreed that a traveler's previous knowledge of a defect in the highway whereby he is injured is not of itself sufficient, as a matter of law, to prevent his recovery on the ground of contributory negligence." In Stokes v. Ralpho Township, 187 Pa. 333, we held that one is not precluded from recovering for an injury received from a defect in a road, though knowing it was defective, unless the danger was so apparent that in the use of ordinary care he ought not to have undertaken the passage. "A person who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination," says STERRETT, Chief Justice, delivering the opinion in Mellor v. Bridgeport Borough, 191 Pa. 562, "is not necessarily guilty of negligence because he does not take the safer route. It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as matter of law, that the person using the more dangerous route is guilty of contributory negligence. If the alternative route

has dangers of its own, as was the fact in this case, and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of the contributory negligence of a person injured in using it is a question for the jury." And in Brown v. White, 206 Pa. 106, this court said (p. 108): "It is not necessarily negligence to attempt to pass over even a 'noticeable accumulation' of ice on the pavement. That may depend upon the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances. In the present case the plaintiff had passed over the obstruction the evening before, and whether it was prudent in her to try to do so again was for the jury."

Applying these principles to the facts of the case in hand, it is clear that the learned judge was in error in holding that the plaintiff's negligence was a question of law for the court and not of fact for the jury. The danger was neither great nor imminent. On the contrary, it is apparent that the walk might have been used with comparative safety. The plaintiff and other persons in that vicinity of the city had been constantly using the walk and with but a single exception no one had fallen on the ice. It is therefore quite evident that it was not necessarily dangerous for one to attempt to use the walk at that point. Whether all the circumstances made it the duty of a prudent person to refrain from using the walk on that occasion was for the jury. At that time, snow covered the street as well as the sidewalks. This may have increased the risk of using the walk, but to what extent, and whether the plaintiff exercised greater and proper care by reason of the fact, was a question the jury must determine. As suggested by the court, the depression covered by the ice was only about two feet wide and there was space on the walk on either side of the ice for the plaintiff to pass. For aught that appears in the testimony, he may have been attempting to do that very thing when he fell. If he knew of the defect, it was his duty to avoid it if reasonable care would enable him to do so. He testifies that at the time he fell he was walking carefully along the pavement. He says he "was walking along naturally, wasn't hurrying, had lots of time, was walking very carefully." In fact, there

is very little, if any, evidence in the case that tends to show that the plaintiff was not exercising the care required of him on the occasion, if we except the fact that he knew of the ice when he attempted to use the walk. This, as we have seen, would not, as a matter of law, convict him of negligence.

We do not agree with the learned court that there was a safer way by which the plaintiff could have reached his destination and thereby have avoided the danger of the route which he took. The learned judge concedes that the walk on the opposite side of the street was in bad shape and icy. He also admits that the roadway was rough, but says that, according to the plaintiff's witnesses, it was not dangerous. That was, however, a question for the jury, and under the testimony they could have found that the cartway of the road was very rough and was dangerous, as it had been cut in ditches by the wheels of the wagons driven over it. One witness testified that it was "very rough, frozen hard, almost impossible to walk on it." This part of the street was covered with snow, and if the testimony of the witnesses was credible, the use of it by pedestrians might have been dangerous. In the language of the Mellor case quoted above, "the alternative route had dangers of its own."

Thus far, in considering the case, we have regarded the plaintiff as having prior knowledge, not only of the depression in the sidewalk, but also of the ice which had accumulated in it. In his opinion, entering judgment for the defendant, if we understand his language, the learned judge disposed of the case on that view of the facts. But the testimony does not clearly show that the plaintiff knew that there was ice in the depression at the time he attemped to pass over that part of the pavement. It is true that the evidence on that point was neither as full nor as clear as it should and could have been, but if we properly construe the plaintiff's own testimony, he testifies that he could not see, and hence did not know, of the ice because it was covered by the snow which had fallen earlier in the day. He testified on cross-examination: "Q. There was considerable ice on the street everywhere that day? A. I could not notice any ice because there was about an inch of snow." And as the verdict was for the plaintiff the jury necessarily found, under the instructions given them, that the plaintiff had no

knowledge of the ice in the depression.    In his charge to the jury, the learned judge said:   "If he (plaintiff) knew of this condition, knew that there was ice here, then he had no right to go upon it, because a man knowingly going into a place of danger cannot hold anybody else liable for his injury. "   It is therefore difficult to see how the court could justify his action in declaring the plaintiff guilty of negligence if he had no prior knowledge of the ice on the sidewalk, which was the conceded cause of his injuries.    The law will not convict a pedestrian of negligence who, while using a sidewalk of a city street, is injured by a defect in the walk of which he was ignorant.

We are of opinion that the learned judge should have directed judgment to be entered on the verdict in favor of the plaintiff, and that he erred in entering judgment for the defendant.

The judgment is reversed with direction to the court below to enter judgment for plaintiff on the verdict.