# Chambers *v.* Braddock Borough, Appellant.

*Negligence—Borough—Unsafe sidewalk—Country road—Road law—Contributory negligence.*

A highway may be maintained as a country road within a borough or city in districts not built up or thickly settled. Where a portion of such highway is actually used by the public, the municipality must maintain such portion in a reasonably safe condition for vehicles and pedestrians, and this duty extends not only to the cartway, but also to the sidewalks.

A borough may be charged with negligence in failing to keep a sidewalk in repair, where it appears that a defect in the sidewalk was at a point where the cartway was a country road, although a borough highway, that at the point in question the road was thickly built up, that the sidewalk was much frequented, and that there was no sidewalk on the other side of the street.

In such a case where it appears that the highway was rough and uneven, and the defect in the sidewalk not manifestly dangerous, the court cannot say as a matter of law that a person injured by reason of the defect was guilty of contributory negligence. This question is for the jury.

Where the danger is so great and apparent that a person of ordinary prudence would regard the situation as dangerous, and, therefore, avoid it, the court should say as a matter of law that the person taking the risk to his damage, is guilty of contributory negligence; but this can only be done in clear cases.

In an action against a borough to recover damages for personal injuries sustained by a fall on a defective sidewalk, the plaintiff testified that he was going from a store to his home between nine and ten o'clock at night; that he took several steps on the boardwalk, and as he placed his right foot on a plank the plank flew up and struck him in the right groin; his right foot slipped off the end of the plank into the gutter, as a result of which he was thrown forward on the end of the plank

into the gutter and street. It appeared that the walk was constructed of stringers and cross planks. The stringers were decayed, and the planks rested on the ground in places. The walk was higher than the gutter and the street. *Held,* that the case was for the jury.

Argued May 7, 1907. Appeal, No. 213, April T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1903, No. 76, on verdict for plaintiff in case of Thomas Chambers v. The Borough of North Braddock. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before YOUNG, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*William Yost,* for appellant.— The duty of the borough was a mixed question of law and fact: Monongahela City v. Fischer, 111 Pa. 9; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Worrilow v. Upper Chichester Twp., 149 Pa. 40; Auberle v. McKeesport City, 179 Pa. 321; Wall v. Pittsburg, 205 Pa. 48; Perkins v. Inhabitants of Fayette, 68 Me. 152; Emery v. Philadelphia, 208 Pa. 492; Brassington v. Mt. Carmel Borough, 24 Pa. Superior Ct. 318.

The court took the facts from the jury and determined the borough's duty as a question of law, which was error. The improvement of the side and footwalks of a pre-existing country road rests in the discretion of the council: McArthur v. Saginaw City, 58 Mich. 357 (25 N. W. Repr. 313); Easton Borough v. Neff, 102 Pa. 474; Fair v. Philadelphia, 88 Pa. 309; Collins v. Philadelphia, 93 Pa. 272.

The cause of the accident is not disclosed by the evidence: Rotsell v. Warren Borough, 10 Pa. Superior Ct. 283.

There was contributory negligence of the plaintiff: Monongahela City v. Fischer, 111 Pa. 9; Hentz v. Somerset Borough,

2 Pa. Superior Ct. 225; Hill v. Tionesta Twp., 146 Pa. 11; Auberle v. McKeesport, 179 Pa. 321.

*Joseph F. Mayhugh*, for appellee.—The case was for the jury: Shaffer v. Harmony Boro., 204 Pa. 339; Allen v. Dubois Borough, 181 Pa. 184; Steck v. Allegheny City, 213 Pa. 573; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399; Folsom v. Town of Underhill, 36 Vt. 580; Wall v. City of Pittsburg, 205 Pa. 48.

OPINION BY HENDERSON J., October 7, 1907:

The defendant took the position at the trial that it was not liable for the injury complained of because it had only maintained that portion of the road where the plaintiff was hurt as a country road and that, therefore, no obligation rested upon it to maintain or repair any sidewalk thereon. The borough was incorporated in April, 1897. For a long time prior thereto a public road had existed in the incorporated territory extending from the borough of Braddock to the north line of the new borough and beyond. On September 5, 1898, an ordinance was adopted giving the name of Jones avenue to this street, fixing its line, establishing its grade and increasing its width. Afterward the street was paved and sidewalks were constructed up to the line of the lot in front of which the plaintiff was hurt. The portion of the street extending northwardly beyond that had not been improved by the borough, the only work done thereon having been the cleaning of the gutters. A sidewalk had been constructed on one side of the street by private subscription before the borough was incorporated, and it was on this sidewalk that the accident occurred. The court instructed the jury that the borough having taken this street within its territory and the board walk being within the boundary of the street the duty rested upon the borough to keep it in a safe condition for public travel. The defendant contends that this instruction was erroneous, that the portion of the street referred to was kept in all respects as a country road and that the duty of maintaining it was of much lower degree than in the case of city streets. It is undoubtedly true that a highway may be maintained as a country road within a borough or city in districts not built up or thickly settled. Such high-

ways are not required to be kept in as smooth and convenient condition for travel as is necessary in localities where there is much travel and a thickly settled population: Monongahela City v. Fischer, 111 Pa. 9; Wall v. Pittsburg, 205 Pa. 48; Emery v. Philadelphia, 208 Pa. 492; Com. v. Shoemaker, 14 Pa. Superior Ct. 194. The case first cited takes the most advanced position on this subject and was said in Corbalis v. Newberry Twp., 132 Pa. 9, to be a very close one, depending largely upon its own facts. An examination of these cases will show, however, that no one of them relieves a municipality from maintaining that portion of the road which is used for travel in a reasonably safe condition for vehicles and pedestrians. They only decide that it is not incumbent on the borough or city to maintain the street in safe condition throughout its full width. This is clearly shown in Monongahela City v. Fischer, supra. The place of the accident there was at the extreme edge of the city on what was in fact a country road. The defect complained of was the absence of a guard rail at the brink of an approach to a culvert. The culvert and approach were well constructed, of adequate width and this was held to be a sufficient discharge of duty by the city, taking into consideration the locality. The case clearly decides, however, that the defendant was responsible for the condition of as much of the road as was reasonably necessary and convenient for the use of the public. No case has been brought to our attention which relieves a borough or city from maintaining in a reasonably safe and smooth condition the traveled part of a public highway over territory which has been incorporated into it. In the closely built up portions of such a municipality it is the duty of the authorities to keep the entire street and sidewalks in a safe condition. How far improvements shall be extended on a street maintained as a country road in a borough or city must necessarily depend upon municipal discretion, but this discretion does not amount to permission to omit the maintenance of the way already in existence to the extent necessary to keep it reasonably safe for public use. The street now called Jones avenue was laid out by the court of quarter sessions of Allegheny county as a public highway in 1834 and has presumably been in continual use from that time as a public road. The conformation of the

ground rendered it expensive and difficult to open it to its full
width, but it had a well-defined cartway and footpath and
after the incorporation of the borough it was accepted as a
public highway by the action of the borough authorities in
widening it and establishing its grade, as well as in the im-
provements made in paving and curbing in the immediate
vicinity of the place where the accident occurred and south-
ward: Steel v. Huntingdon Borough, 191 Pa. 627.   By the in-
corporation of the borough the road passed from the control of
the township and the duty of maintenance rested upon the
borough, and this irrespective of the question whether the
street was a country road or located in a built-up portion of
the borough.   But the uncontradicted evidence leaves no doubt
that the place where the plaintiff was hurt was in a built-up
and thickly settled portion of the town.   Mr. Vance, president
of the borough council and a witness for the defendant, testi-
fied that on the lower side of the road there were houses on
each of the adjoining lots and that they might average twenty-
five feet apart taking it all the way through.   He also testified
that the road was thickly built up, especially on the east side.
It was further shown both by the plaintiff's and the defend-
ant's evidence that the usual course of travel by pedestrians
was over the sidewalk.   The roadway was narrow, the street,
steep and there was a sidewalk only on one side of the wagon-
way.   The uncontradicted evidence shows also that a great
many people passed over the sidewalk and that several hun-
dred lived on the upper part of, and close to, the street and used
it in going to the lower part of town.   The sidewalk remained
in use nearly five years after the borough was incorporated be-
fore the defendant was hurt.   The public was permitted, and
by its presence invited, to walk over it and we are without
convincing reason for exempting the municipality from the
result of its omission to keep it in suitable repair.   That it
was in bad condition is shown by all of the evidence on the
subject and is not disputed by the appellant.   We think it
clear from the evidence that the court was not in error in in-
structing the jury, as complained of in the first and third as-
signments of error, that the duty rested upon the borough to
keep the street and sidewalk there existing in a safe condition
for public travel.

It is contended, however, that the plaintiff was guilty of contributory negligence in passing over the walk with a knowledge of its defective condition. Under the evidence this is a question of fact which was submitted to the jury with appropriate instructions. It was the duty of the plaintiff to use such care as a prudent person would have used under similar circumstances. The measure of this duty is ordinary care. This would vary with the circumstances. The case as presented by the evidence was not one which would have justified the court in declaring as a matter of law that the plaintiff was guilty of contributory negligence. The fact that the walk was used every day by many persons is some indication that it was not considered so obviously dangerous that a person ought not to walk thereon and the plaintiff testified that in passing over it at the time of the accident he observed nothing that indicated danger at the place where he was hurt. There was no pavement on the opposite side of the street and there is evidence to show that the wagonway was rough and uneven because of the action of the water and the presence of stones in the road. It does not appear to have been so manifestly dangerous that the court should have said it ought to have been avoided. It is not necessarily a negligent act for a person to use a walk or street in a city, which is out of repair. It is for the jury to say whether the person injured is guilty of negligence where it appears from the evidence that the defective condition is such that the street might be used safely by the exercise of reasonable care. Where the danger is so great and apparent that a person of ordinary prudence would regard the situation as dangerous and, therefore, avoid it, the court should say as a matter of law that the person taking the risk to his damage is guilty of contributory negligence ; but this can only be done in clear cases : Borough of Easton v. Neff, 102 Pa. 474 ; Allen v. DuBois Boro, 181 Pa. 184 ; Mellor v. Bridgeport Borough, 191 Pa. 562 ; Steck v. City of Allegheny, 213 Pa. 573 ; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399.

It is further argued that the cause of the accident is not disclosed by the evidence. The position of the appellant seems to be that unless the plaintiff shows just how the injury could be produced by the occurrence out of which it grew, a case is not made out. The plaintiff stated that he was

going from a store to his home between nine and ten o'clock at night; that he took several steps on the board walk, and as he placed his right foot on a plank the plank flew up and struck him in the right groin; his right foot slipped off the end of the plank into the gutter, as a result of which he was thrown forward on the end of the plank into the gutter and street. This is probably as clear a description of the accident as a person could be expected to give. The walk was constructed of stringers and cross planks. The stringers were decayed, and the planks rested on the ground in places. The walk was higher than the gutter and the street, and it is not incredible that the end of the plank was thrown up by the weight of the plaintiff and that he fell as he states. Whether the injury resulted from the stroke of the board when it was thrown up or from the fall which he sustained he perhaps does not know. The case is quite different from Rotsell v. Warren Borough, 10 Pa. Superior Ct. 283, cited by the appellant. In that case the plaintiff did not know what was the cause of the injury, nor how it happened. Under such circumstances the jury could not be permitted to return a verdict as the result of a pure conjecture. After a careful review of the case we are of the opinion that the assignments are not sustained.

The judgment is affirmed.