## Cousins *v.* Warren Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Contributory negligence—Alternative route—Case for jury.*

In an action by a woman against a borough to recover damages for personal injuries sustained by a fall in a hole in a plank walk across a street, the question of the plaintiff's contributory negligence and the borough's negligence is for the jury, where it appears that the hole in question was eight inches wide and twelve or fourteen inches in length and had been in the walk for over a year; that the walk was in general use and plaintiff had frequently passed over it; that the accident happened on a dark night, and that the only alternative route was through deep mud on one side or other of the cross-walk.

Argued April 14, 1913. Appeal, No. 14, April T., 1913, by defendant, from judgment of C. P. Warren Co., Sept. T., 1909, No. 2, on verdict for plaintiffs in case of Hubert E. Cousins and Harriet M. Cousins v. Burgess and Town Council of Warren Borough. Before HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HINCKLEY, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,500 each. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*D. I. Ball,* with him *Wm. Schnur,* for appellant.

*D. U. Arird,* with him *O. C. Allen,* for appellee.

OPINION BY MORRISON, J., July 16, 1913:

The plaintiffs, Hubert E. Cousins and Harriet M. Cousins, were husband and wife and they brought this action of trespass against the borough of Warren to recover damages alleged to have been sustained by an injury to Harriet M. Cousins on the night of June 2, 1908, on a crossing on one of the public streets in the borough. The case was tried at considerable length and the defendant's counsel contended that there could be no recovery on account of the contributory negligence of Mrs. Cousins and requested the court to give a binding instruction in favor of the defendant. This the court refused to do and submitted the case to the jury and verdicts were returned in favor of each plaintiff for the sum of $1,500, and, on motion for judgment in favor of the defendant non obstante veredicto, the court overruled the motion and granted judgment in favor of the plaintiffs and the defendant appealed.

Some of the distinguishing features in this case which required its submission to the jury are the following: (1) Under the evidence the jury could find that the cross-walk on which the plaintiff, Mrs. Cousins, alleged she was injured had been out of order for nearly a year; that the walk was constructed of old plank across one of the public streets of the defendant borough and it was about fifty inches wide; that one side of the cross-walk was in good

condition for sufficient width to permit foot passengers to use it with safety; that on the opposite side of the walk there was what some of the witnesses called the "hole," which was a broken plank which left an opening of not less than eight inches wide and twelve or fourteen inches in length; that Mrs. Cousins was very familiar with this walk, it being in general use and she having often passed over it before the accident, and that she was trying to do what she had often done before on the night of the accident when she stumbled and losing her balance stepped into the hole and was severely injured. (2) There was evidence for the jury that the cross-walk furnished the only route for Mrs. Cousins to cross the street and reach her home unless she walked through quite deep mud, across the street, on one side or the other of the cross-walk. (3) Under all of the evidence the learned court below could not say, as matter of law, that Mrs. Cousins was guilty of contributory negligence in attempting, on a dark night, to use a cross-walk which was in general use and with which she was very familiar and which she knew was in good condition on one side for a sufficient width to furnish a safe place to walk upon. This is especially true if the jury found from the evidence that the street was very muddy and that what Mrs. Cousins attempted to do was what a reasonably prudent and careful person, with the knowledge Mrs. Cousins had, would, under the circumstances, have attempted to do.

Defendant's second point (first assignment of error) is as follows: "If the plaintiff, Harriet M. Cousins, knew of the alleged defect complained of in the cross-walk in question before attempting to cross the same, then it was her duty to avoid the alleged defect and danger in passing over and along said cross-walk." The learned court refused this point and, in our opinion, under all the circumstances in evidence, it would have been error to have affirmed it. If it be true that Mrs. Cousins was very familiar with this cross-walk and had been using it for a long time and that it furnished a safe passage for her

and others, notwithstanding it was defective on one side thereof, the question of whether or not she was guilty of negligence in attempting to cross it on the night in question was not a question of law but one of fact for the jury under all the circumstances in evidence.

The defendant's ninth point (second assignment) is as follows: "Under all the evidence in the case the verdict of the jury must be for the defendant." The learned court refused this point. The third and last assignment is that the court erred in overruling the defendant's motion for judgment non obstante veredicto in favor of the defendant. We have already indicated that in our judgment the case was for the jury and therefore we think the learned court was right in refusing the defendant's ninth point. If we are right in this it follows that the court did not err in refusing the motion on which the third assignment is based.

Upon careful consideration our conclusion is that there was ample evidence to convict the defendant of negligence and that the question of the contributory negligence of Mrs. Cousins depended upon conflicting testimony and the inferences to be drawn therefrom and that the case was peculiarly for a jury. Taking that view of the case the learned court below submitted it to the jury in a charge which is clear, adequate and impartial. The misfortune of the defendant is that the jury found negligence against it and that under all of the circumstances disclosed by the testimony Mrs. Cousins was not guilty of contributory negligence.

In view of the evidence that the hole in the cross-walk had been there for about a year and the verdict of the jury that the defendant was guilty of negligence, we will not stop to cite authorities to sustain the proposition that the defendant was visited with constructive notice of the condition of the walk and was therefore guilty of negligence.

The defendant's learned counsel presented an elaborate argument and cited a large number of authorities upon the

proposition that Mrs. Cousins was guilty of contributory negligence. But their able argument and authorities have not convinced us that the court could hold against her on this ground as a matter of law. In Evans v. Philadelphia, 205 Pa. 193, the Supreme Court held, reversing the court below, that the question of the contributory negligence of the plaintiff was for the jury and that case does not materially differ in principle from the present one. In City of Altoona v. Lotz, 114 Pa. 238, the Supreme Court held as stated in the syllabus: "A pedestrian, in a city, on a dark night, well acquainted with the unsafe condition of a sidewalk, is not guilty of contributory negligence in taking it as the most direct way to his home, instead of some other way also unsafe, if in so doing he acted with that care with which a prudent man should act under the circumstances, and this is a question of fact to be determined by a jury." See also Musselman v. Hatfield Borough, 202 Pa. 489. In Chambers v. Braddock Borough, 34 Pa. Superior Ct. 407, we held as stated in the syllabus: "In such a case where it appears that the highway was rough and uneven, and the defect in the sidewalk not manifestly dangerous, the court cannot say as a matter of law that a person injured by reason of the defect was guilty of contributory negligence. This question is for the jury.

"Where the danger is so great and apparent that a person of ordinary prudence would regard the situation as dangerous, and, therefore, avoid it, the court should say as a matter of law that the person taking the risk to his damage, is guilty of contributory negligence; but this can only be done in clear cases."

In Evans v. Borough of Brookville, 5 Pa. Superior Ct. 298, we held as stated in the syllabus: "Whether a citizen is guilty of contributory negligence is for the jury where there is evidence tending to show that he used a defective sidewalk although he knew its condition to be defective; that he avoided as much of the walk as he knew to be dangerous and was injured in attempting to use a part

which appeared to be safe and which he believed to be so."
The case of Allen v. Du Bois Borough, 181 Pa. 184, is
practically to the same effect.

We think the above cases and many others that might
be cited sufficiently vindicate the court below in submit-
ting the case to the jury.

The assignments of error are all dismissed and the
judgments are affirmed.