# Shetulski *v.* Mount Carmel Borough, Appellant.

*Negligence—Municipalities—Defective sidewalk—Contributory negligence—Man on crutches.*

A boy seventeen years old compelled at the time to use crutches cannot be charged, as a matter of law, with contributory negligence in going over a hole of considerable size in a defective sidewalk, where it appears that he knew of the hole, that he had gone over it before, that he did all in his power to avoid injury, and the evidence as to an alternative route is conflicting.

Argued Oct. 30, 1913. Appeal, No. 195, Oct. T., 1913, by defendant, from judgment of C. P. Northumberland Co., May T., 1912, No. 457, on verdict for plain-

86 SHETULSKI *v.* MT. CARMEL BORO., Appellant.

Statement of Facts—Opinion of the Court. [57 Pa. Superior Ct.

tiff in case of Adam Shetulski in his own right and as father and next of kin of Adam Shetulski, Jr., v. Mount Carmel Borough. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Cummings, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff Adam Shetulski, Jr., for $11.00 and for Adam Shetulski, Sr., for $489.

*Error assigned* was in refusing judgment for defendant n. o. v.

*L. S. Walter*, with him *J. Grant Kehler*, for appellant, cited: Hincken v. Beechview Borough, 50 Pa. Superior Ct. 540; Lerner v. Philadelphia, 221 Pa. 294; Kennedy v. Philadelphia, 220 Pa. 273.

*Voris Auten*, with him *Preston A. Vought, H. O. Moser* and *F. W. Magrady*, for appellee, cited: Kehler v. Schwenk, 144 Pa. 348; Sullenberger v. Chester Traction Co., 33 Pa. Superior Ct. 15; Oakland Ry. Co. v. Fielding, 48 Pa. 320; Mellor v. Bridgeport, 191 Pa. 562; Brown v. White, 206 Pa. 106; Yocum v. Reading, 235 Pa. 552.

Opinion by Porter, J., April 27, 1914:

This is an action by a father, in his own right and as next friend of his minor son, to recover damages for injuries to the latter, alleged to have resulted from the negligence of the defendant borough in permitting a public sidewalk to remain for a long space of time in a defective condition. The trial in the court below resulted in a verdict and judgment in favor of the plaintiff and the defendant appeals. The only specification of error refers to the action of the court below in refus-

ing to enter judgment in favor of the defendant non obstante veredicto, "because of the contributory negligence of the plaintiff."

Adam Shetulski, Jr., a youth about seventeen years of age, was at the time of the accident and for some weeks prior thereto, using crutches to aid him in walking, one of his legs having been broken and the full use of it not having been recovered. On Sunday, May 7, 1911, about ten o'clock in the morning, he was returning from church and when he reached the sidewalk in question, if his testimony is to be believed, was careful to guard against injury, because of the defects in the pavement, of the existence of which he was aware. The sidewalk was composed of brick and was much worn, the defect consisted of a hole of considerable size at the end of the pavement adjoining a cement pavement upon the next property, this hole had resulted from the removal of a number of bricks from the pavement near the middle of the sidewalk, so that it left upon one side of the hole, a narrow strip of brick pavement in place next to the steps leading to the house and a like strip about two feet wide upon the side next to the curb. The young man, being upon crutches, could not pass upon either side of this defect in the pavement, his only way to get over was to place a crutch on each side of the hole and, supported by his crutches, use his sound leg to step over the defect in the pavement. He testified that he sounded the brick carefully and placed his crutches upon bricks which seemed to be solid, he then attempted to step over, when the brick upon which his right crutch rested tilted, throwing the crutch from under his arm and causing him to fall and re-break the bone of the injured leg. This is not the case of a pedestrian walking into a hole in a pavement without seeing it, when he ought to have seen it if he had used his eyes. This plaintiff knew of the defect in the pavement and was doing all in his power to avoid injury because of it. There is in this case no evidence tending to show

that the plaintiff was not exercising the care required of him by the circumstances, if we except the fact that he knew of the defect when he attempted to use the sidewalk.

When a person uses a highway which is thrown open for public travel, knowing at the time that it is defective, he is not necessarily guilty of negligence because he does not take some other route. "It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as matter of law, that the person using the more dangerous route is guilty of contributory negligence. If the alternative route has dangers of its own, as was the fact in this case, and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of the contributory negligence of a person injured in using it is a question for the jury:" Mellor v. Bridgeport, 191 Pa. 562; Brown v. White, 206 Pa. 106; Steck v. Allegheny, 213 Pa. 573. Applying these principles to the facts in the present case, it is clear that the learned judge was right in holding that the plaintiff's negligence was a question of fact for the jury and not one of law for the court. The plaintiff had in the same manner passed over this defect in the sidewalk earlier on the morning of the same day, and twice each day during the preceding week, and the sidewalk had been constantly used by the public, and there had been no previous accident. It is therefore quite evident that it was not necessarily dangerous for the plaintiff to attempt to use the walk at that point. The evidence as to whether there was a safer way which the plaintiff might have used in going from his home to the church and return was conflicting. There was no paved sidewalk upon the opposite side of the street at the point in question, and the plaintiff testified that the natural surface at that point was rough and rocky. There was

another route by way of Market street, but as to the condition of that route there was a decided conflict of evidence. Even the testimony of the borough engineer, called as a witness by the defendant, would have warranted a finding that upon Market street there was one sidewalk, over which a person going that way would have to pass, the pavement of which was in bad condition and that there was one hole in that pavement which no person passing over it would be able to avoid, and that upon Second street, through which a person going the Market street route would have to pass, a part of the sidewalk was unpaved. Whether all the circumstances made it the duty of the plaintiff, considering his crippled condition, to refrain from using this sidewalk on that occasion was a question for the jury.

The judgment is affirmed.