Graham, Appellant, *v.* Reynoldsville Borough.

Argued April 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John J. Pentz,* with him *Ross H. Pentz,* of *Pentz & Pentz,* and *Louis G. Brosius,* for appellant.

*Matthew A. Crawford,* with him *Raymond E. Brown* and *Smith M. McCreight,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1938:

The plaintiff recovered a verdict for personal injuries in the sum of $500. The court below sustained defendant's motion for judgment n. o. v. on the ground that plaintiff was guilty of contributory negligence. Plaintiff appealed.

The facts are substantially as follows: Shortly after 9 o'clock on the night of October 18, 1934, plaintiff was going from the center of Reynoldsville to his home located in the northwestern section of the borough. He was walking westwardly on Bradford Street and could have continued thereon to Phillips Street and thence north on Phillips Street to his destination, but, instead of so doing, when he was 175 feet east of Phillips Street he turned to his right and followed a well-defined used path, in a diagonal direction, across a large vacant lot, which brought him to the east side of Phillips Street, about 296 feet north of Bradford Street. On the west side of Phillips Street there is a sidewalk, to which reference will be made later, but on the east side there is none, except for about 50 feet in front of the McDonald property which is located where plaintiff came onto Phillips Street. Rain was falling and wind was blowing and the nearest street light was at the intersection of Bradford and Phillips Streets, a distance of 350 feet. The plaintiff was well acquainted with this locality as

he lived on the west side of this street but a short distance away. He proceeded across the McDonald pavement, intending to pass over an open ditch, between the sidewalk and the street, over which were laid three planks, side by side, each about 6 feet long and 12 inches wide, with one end resting on the brick pavement and the other on the ground as Phillips Street was not paved. This open ditch, extending from Bradford Street, was 2 to 3 feet deep and 3 feet wide. As plaintiff stepped on the inside of one of the planks, it "flew up," and, as a result, he lost his balance, fell into the ditch, and sustained injuries.

In our judgment, the evidence does not disclose that the crossing itself was so obviously dangerous, even under the prevailing weather conditions, as to warrant the conclusion that the plaintiff in using it was necessarily guilty of contributory negligence. It was on a public street, constructed by the borough, and was frequently used by the plaintiff and other persons, especially those living in that neighborhood, since the spring of that year when the former crossing, consisting of a drain pipe covered with ballast and brick, was washed away by a severe rain. There was no testimony of any defect in the planks. Apparently they were sound. True, they were loose in the sense that they were not nailed down or fastened, but that did not necessarily create a dangerous situation.

It is only when the danger is so obvious that an ordinarily prudent person would regard it as a risk or hazard, and therefore avoid it, that it could be said as a matter of law that the person taking a chance is guilty of contributory negligence. This action is justified only in clear cases. See *Mellor v. Bridgeport,* 191 Pa. 562, 43 A. 365; *Musselman v. Hatfield Boro.,* 202 Pa. 489, 52 A. 15; *McKelvey v. Juniata Boro.,* 265 Pa. 56, 108 A. 205.

In *Amey v. Scranton,* 127 Pa. Superior Ct. 243, 193

A. 278, the plaintiff, at night, walked over an unguarded retaining wall in a park, and was injured. We said there that even if plaintiff knew there was no guard rail, the danger was not so obvious as to justify the trial judge in holding that she was negligent in proceeding along the road in the darkness. In *Chambers v. Braddock Boro.*, 34 Pa. Superior Ct. 407, the facts were somewhat similar to those in the present case. The plaintiff, about 9 o'clock at night, when walking on a boardwalk was struck by a plank that flew up. He fell into a gutter and was injured. This court said (p. 412): "The case as presented by the evidence was not one which would have justified the court in declaring as a matter of law that the plaintiff was guilty of contributory negligence. The fact that the walk was used every day by many persons is some indication that it was not considered so obviously dangerous that a person ought not to walk thereon. ...... It is not necessarily a negligent act for a person to use a walk or street in a city, which is out of repair." In *Allen v. DuBois Boro.*, 181 Pa. 184, 37 A. 195, the boards in a sidewalk were more or less rotten and some of them had become loosened. The walk had been in that condition for a long time and had been constantly in use and no accidents had occurred as far as disclosed by the record. The boards were in place and there was nothing to indicate that the plaintiff could not pass over them safely as he had done many times before. The Supreme Court affirmed the lower court in holding that the danger was not so manifest as to convict the plaintiff of contributory negligence as a matter of law.

Undoubtedly, the duty of a pedestrian is to go out of his way to avoid a danger where it is apparent. In this case, however, as the risk was not so obvious that it ought to have been avoided, it became a question of fact for the jury to determine whether plaintiff should

have anticipated that one of the planks would tilt as he stepped upon it.

Nor can it be said that plaintiff was guilty of contributory negligence as a matter of law because he voluntarily chose a dangerous route when a safe one was available. It is well settled that where a person has a choice of two ways, one of which is perfectly safe and the other subject to obvious risks, and voluntarily chooses the latter and is injured, he is guilty of contributory negligence: *Levitt et al. v. B/.G. Sandwich Shops, Inc.*, 294 Pa. 291, 294, 144 A. 71; *Kaczynski v. Pittsburgh*, 309 Pa. 211, 163 A. 513. One is not necessarily guilty of negligence, however, because he does not take the safer way, unless the danger is so clear and apparent that an ordinarily prudent person would regard it as dangerous: *Mellor v. Bridgeport*, supra. If the alternate route has dangers of its own and the hazard of the route actually taken is not so manifest as to deter the general public and ordinarily careful people from using it, the question of contributory negligence of the person injured is for the jury. A person is not prohibited from using a street because of some defect therein, but he must always exercise the degree of care demanded under the attending circumstances. If the way selected by the plaintiff could have been used with safety by the exercise of reasonable care, notwithstanding the condition and character of the crossing, it was for the jury to say whether he was negligent: *Steck v. City of Allegheny*, 213 Pa. 573, 62 A. 1115. It is said in *March v. Phoenixville Boro.*, 221 Pa. 64, 66, 70 A. 274: "Where the traveler has knowledge of a defect in the highway it does not follow as a legal consequence that he must under all circumstances avoid the use of it and reach his destination in some other way. It is a question of the character and imminency of the danger, and the difficulty or inconvenience of avoiding it. If the danger was serious and imminent it

might be the traveler's duty, as a matter of law, to avoid it at any inconvenience; if, however, the danger was trifling, and the inconvenience of taking another way was so great that an ordinarily prudent person would not subject himself to it, it would not be negligence not to do so. Between these extremes are the countless gradations of danger and ways of avoiding it, depending on the circumstances. This class of cases must necessarily go to the jury."

In this case, there was evidence that the sidewalk on the west side of Phillips Street connecting with the one on Bradford Street was more or less dangerous. The plaintiff testified that it was made of "brick bats and was awful rough ...... All full of holes. Some of the bricks were that high, it was terrible walking." McDonald described this sidewalk as being built of "cow bricks, brick bats, half bricks, they were not A-1 bricks," and that it was "bumpy."

We are of the opinion that under the facts presented on this record the plaintiff could not be held guilty of contributory negligence as a matter of law in choosing to use the plank crossing rather than the rough irregular brick sidewalk.

Judgment of the learned court below is reversed, and judgment is directed to be entered on the verdict.