## Shaffer *v.* Harmony Borough, Appellant.

| 204 | 339 |
| 24 SC | 320 |
| 204 | 339 |
| 29 SC | 503 |

*Negligence—Boroughs—Defective sidewalks—Contributory negligence—Province of court and jury.*

In an action by a woman against a borough to recover damages for personal injuries suffered by reason of a defective sidewalk, it appeared that at the point where the accident occurred there was a sidewalk on but one side of the street. This walk was made partly of planks and partly of broken stones and cinders. At a place where a driveway leading to a vacant lot crossed the walk, old railroad ties were laid side by side lengthways of the pavement, and covered with fine furnace slag. For two years this part of the walk had been in a dangerous condition because of the holes in the ties caused by the decay. Of this condition the borough authorities had express notice long before the accident. Plaintiff knew that there were holes in the ties, and to avoid them she stepped on a tie, some distance from a hole, which appeared to her to be perfectly sound and safe. This tie had decayed from the bottom or inside, and the heel of her shoe broke through the crust on the upper surface, and she fell and was severely injured. *Held,* that the question of plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 22, 1902. Appeal, No. 46, Oct. T., 1902, by defendant, from judgment of C. P. Butler Co., March T., 1902, No. 89, on verdict for plaintiff in case of John E. Shaffer and Josephine Shaffer v. Harmony Borough. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Greer, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $1550. Defendant appealed.

*Error assigned,* among others, was in submitting the case to the jury.

*John H. Wilson,* with him *Lev. McQuistion* and *J. C. Vanderlin,* for appellant.—The case should not have been submitted to the jury : Erie City v. Magill, 101 Pa. 616 ; Butcher v. Phila-

delphia, 202 Pa. 1; Lohr v. Philipsburg Borough, 156 Pa. 246; Burns v. Bradford, 137 Pa. 361; Duncan v. Philadelphia, 173 Pa. 550.

*S. F. Bowser,* with him *A. L. Bowser,* for appellees.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

The only question argued by the appellants is whether binding instructions should have been given the jury to find for the defendant because of the contributory negligence of Josephine Shaffer. There was a sidewalk on but one side of the street. This walk was made partly of planks and partly of broken stones and cinders. At a place where a driveway leading to a vacant lot crossed the walk, old railroad ties were laid side by side lengthways of the pavement, and covered with fine furnace slag. For two years this part of the walk had been in a dangerous condition because of holes in the ties caused by decay. Of this condition the borough authorities had express notice long before the accident. Mrs. Shaffer knew that there were holes in the ties, and to avoid them she stepped on a tie, some distance from a hole, which appeared to her to be perfectly sound and safe. This tie had decayed from the bottom or inside, and the heel of her shoe broke through the crust on the upper surface, and she fell and was severely injured.

Under these circumstances she could not be charged with contributory negligence unless it be held that the existence of the holes indicated a state of decay which made it unsafe to step on any part of the ties, although their upper surfaces appeared to be sound, and that she should have known this. Evidently the court could not so have held. Whenever there is reasonable doubt as to the inferences to be drawn from the facts established by the testimony, the question of negligence is necessarily for the jury. City of Erie v. Magill, 101 Pa. 616, is not in point. The plaintiff in that case attempted to cross a high ridge of ice which sloped at an acute angle across the sidewalk. The danger was manifest and could easily have been avoided. In this case the person injured acted with caution, and attempted to avoid the only danger of which she knew, and in so doing was exposed to a peril of which she had no knowledge.

The judgment is affirmed.