# Wall, Appellant, v. Pittsburg.

*Negligence—Municipalities—Duty as to streets—Defective sidewalk—Contributory negligence.*

If a roadway be within the limits of a city, and still be kept in all respects as a country road, the duty of the city with regard to it is greatly relaxed; but where a street is not an ordinary public road, but a regularly laid out street, and has been so for several years, although on a hillside near the outskirts of a city, the duty of the municipality is to maintain the street and sidewalk in a reasonably safe condition for public travel by night and by day.

In an action by a woman against a city to recover damages for personal injuries, it appeared that plaintiff lived on the south side of a street on a hillside, near the outskirts of a large city. The street was regularly laid out on the city plan and was of an established width of forty feet. It was lighted, although poorly, by street lamps, and had a board foot walk on the north side. There was no foot walk on the south side. The street was about three feet higher than the board walk. A dirt crossing or path lead from almost in front of plaintiff's residence to the board walk. The accident occurred after dark. Plaintiff left her home, took the crossing to reach the board walk, and in going down the descent, just after she had made a step or two, fell into a hole and broke her leg. The hole was at the side of the descent from the street to the board walk, was about two and one half feet deep, and of about the same diameter. It was where a lamp-post formerly stood, but the post had been removed, leaving the hole unfilled. It had been in this condition for several months, was plainly observed in daylight, but not visible in the nighttime. The plaintiff every day for months had taken the same route across the street, and then on the board walk to and from her work. She testified that she had never seen the hole. *Held*, that the questions of the city's negligence and the plaintiff's contributory negligence were both for the jury.

Argued Nov. 10, 1902. Appeal, No. 179, Oct. T., 1902, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1902, No. 418, refusing to take off nonsuit in case of Mary Wall v. Pittsburg. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Edward J. McKenna,* with him *Charles F. McKenna,* for appellant.—It is undoubtedly the duty of a municipal corporation having the exclusive care and control of streets to see that they are safe and kept in a safe condition for passage of persons, and if that plain duty is neglected and thereby injury results to anyone, the corporation is primarily liable : Aiken v. Phila., 9 Pa. Superior Ct. 502 ; Brookville Boro. v. Arthurs, 130 Pa. 501 ; Philadelphia v. Thomas's Heirs, 152 Pa. 494 ; Plymouth Twp. v. Graver, 125 Pa. 24 ; Erie v. Schwingle, 22 Pa. 384.

But even if this evidence was insufficient to carry the case to the jury, yet the fact that the hole had been there for six months should certainly have been sufficient evidence of negligence on the part of the city to submit to the jury : Scranton v. Gore, 124 Pa. 595 ; Miller v. Bradford City, 186 Pa. 164.

The very fact that the plaintiff testified that she did not know of this defect, should have taken the case to the jury : Schively v. Jenkintown Boro., 180 Pa. 196 ; Evans v. Brookville Boro., 5 Pa. Superior Ct. 298 ; Fee v. Columbus Boro., 168 Pa. 382 ; Forker v. Sandy Lake Boro., 130 Pa. 123 ; Readdy v. Shamokin Boro., 137 Pa. 92.

In an action for damages for injuries received from a defective sidewalk along defendant's property, the question as to whether the defects were patent, the street obstructed or dark or light, were for the jury : Mintzer v. Greenough, 192 Pa. 137 ; Merriman v. Phillipsburg Boro., 158 Pa. 78 ; Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233 ; Carr v. Easton, 142 Pa. 139 ; Nanticoke Borough v. Warne, 106 Pa. 373 ; Easton Borough v. Neff, 102 Pa. 474.

*W. A. Blakeley,* with him *T. D. Carnahan,* for appellee.— Travelers upon public streets must look where they are going : Barnes v. Sowden, 119 Pa. 53 ; Robb v. Connellsville Boro., 137 Pa. 42 ; Lumis v. Phila. Traction Co., 181 Pa. 268.

A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or neglect, it

is not liable, unless it has express notice, or the defect be so notorious as to be evident to all passers : Lohr v. Phillipsburg Boro., 156 Pa. 246 ; Dehnhardt v. Philadelphia, 15 W. N. C. 214.

There is a distinction between cases (like Rosevere v. Osceola Mills Borough, 169 Pa. 555) where the plaintiff has not traveled over that spot before the accident, while other witnesses for plaintiff had seen the hole ; and cases (like Lohr v. Phillipsburg Boro., 156 Pa. 246) where the plaintiff had passed the spot so often that she is presumed to have seen it as a matter of law, or if she did not see it, then she is guilty of contributory negligence : Hentz v. Somerset Borough, 2 Pa. Superior Ct. 225.

There was not sufficient evidence that the lamp-post in question was erected and maintained by the city, and the facts of this case bring it clearly within the rule laid down in the case of Monongahela City v. Fischer, 111 Pa. 9.

A person who knows a defect in a highway, and voluntarily undertakes to test it, when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect: Crescent Twp. v. Anderson, 114 Pa. 643 ; Forks Twp. v. King, 84 Pa. 230 ; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306.

OPINION BY MR. JUSTICE DEAN, January 5, 1903:

Mary Wall, the plaintiff, lived on the south side of Primrose street in the city of Pittsburg.   On the north side of the street there is a board foot walk running the length of the street ; there is no walk in front of plaintiff's residence ; the street is higher than the board walk ; there is a dirt crossing or path leading from, almost in front of, plaintiff's residence, to the board walk on the north side of Primrose street; the street being almost three feet higher than the walk, there was a rather abrupt descent from the end of the crossing to the walk.   On the evening of November 24, 1900, after dark, the plaintiff left her home, took the crossing from the south side to reach this board walk on the other side ; in going down the descent, just after she had made a step or two, she fell into a hole and broke her leg, bruised her thigh, and sustained other injuries which disabled her for several months.   The hole into which she fell

was just at the side of the descent from the street to the board foot walk, was about two and one half feet deep and of about the same diameter; it had been there since the May previous and was plainly observable in daylight; it was where a lamppost formerly stood, but the post had been removed leaving the hole unfilled. The street was dimly lighted by gasoline lamps, but the hole was not visible in the nighttime, although plainly so by day. The plaintiff, every day for months, had taken the same route across the street and then on the board walk to and from her work at a glass factory. She testifies she had never seen this hole.

The learned trial judge in the court below was of opinion, negligence on the part of the city was not shown, and that plaintiff's own testimony disclosed contributory negligence on her part, and directed a nonsuit which afterwards, on motion, he refused to take off, and we have this appeal by plaintiff.

On the question of the city's negligence, the court seems to have ruled the case on the authority of Monongahela City v. Fischer, 111 Pa. 9, and if the facts in this case were at all the same, his ruling would be correct. That was a case, however, of an ordinary country road, on the extreme outskirts of, although within, the city limits. It was ruled that "in closely built up portions of the city, it is the duty of the authorities to keep the entire street in a safe condition, but this is not the rule as regards country roads within the territorial limits of the city. It is sufficient if a portion of the width of the road is kept in smooth condition and safe and convenient for travel."

There is no doubt that if a roadway be within the city limits and still be kept in all respects a country road, the duty of the city with regard to it is greatly relaxed. Nor is a municipality usually bound to lay out, open and construct streets until they are necessary for the accommodation of the public. But Primrose street was not an ordinary public road as in Monongahela v. Fischer, supra; it was a regularly laid out street at the time of the accident, on the city plan, and had been so laid out for several years. True it was on a hillside and perhaps incapable of such compact settlement fronting it as some other city streets, yet it had an established width, forty feet; was lighted, although poorly, by street lamps; had a board foot walk on the north side. Perhaps, under the rulings,

the duty of the city under the circumstances was not so rigid as imposed on it with reference to the closely built up parts, but relatively, it was the same. What was its duty as to this street, not closely built up, having therefore, a small population on a hillside near the outskirts of the city territory? Clearly to maintain the street and sidewalk in a reasonably safe condition for public travel under such circumstances by night and by day. It had but one sidewalk, that on the north side of the street; the street was very slanting and that one was probably sufficient for the somewhat thinly scattered inhabitants; there was no walk on the south side and it invited no one to walk there. But it did profess to keep a reasonably safe walk on the north side; this was an invitation to the public to use it. Whether the city was negligent was therefore a question for the jury under the evidence and not for the court.

The next question is, did plaintiff's evidence clearly disclose a case of contributory negligence? We think that was also a question for the jury. The night was dark, the street was muddy; the usual and apparently safe method was to cross at the crossing from her side of the street where there was no footway, to the board walk on the other; as she descended the narrow path down the declivity from the street to the board walk, she fell into this hole which was close to the path. The natural human instinct of an adult is to avoid peril to life and limb by exercising due care; hence the presumption of law is against negligence, a presumption which is only overcome by proof. True, the proof may be disclosed by plaintiff's own evidence, still we do not see such proof of it here, as warrants a court as matter of law in declaring her guilty of contributory negligence. She testifies she did not know the hole was there; but suppose she did, she took the ordinary and only known narrow path to reach the board walk; due care did not absolutely require she should see it on a dark night in her attempt to reach the board walk from the street; in the exercise of the greatest care she might have stepped into it. True, as argued by the court below and appellee here, she might have heedlessly rushed down a three and a half foot wide walk not looking where she placed her feet and if so she was negligent, but that was a fact for the jury.

The judgment is reversed and a procedendo awarded.