## Brassington *v.* Mount Carmel Borough, Appellant.

*Negligence—Boroughs—Defect in street.*

In an action against a borough to recover damages for personal injuries sustained by a fall in a hole in a bridge, it appeared that the bridge was on a street having walks, buildings, well defined curbing, gutter and paving lines on each side, and lighted by electric lights. The hole into which the plaintiff fell was from eight to ten inches wide, twelve to fifteen inches long, formed by a broken plank which the borough had permitted to remain in a dangerous condition about three years. Plaintiff testified that he did not know of the defect in the pavement, that he had not passed over the bridge within six months prior to the accident, and that owing to the imperfect lighting of the street, the hole in the pavement was not noticeable by any reasonable care. It also appeared that the route taken by the plaintiff was the most direct one to his destination, and the one generally used by persons going in his course. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 30, 1903. Appeal, No. 179, Oct. T., 1903, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1902, No. 240, on verdict for plaintiff in case of J. L. Brassington v. Borough of Mt. Carmel. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.    Before
AUTEN, J.

At the trial it appeared that on the night of January 9, 1903,
plaintiff was injured by falling in a hole in a bridge on one of
the streets of the borough of Mt. Carmel.

The circumstances of the accident are detailed in the opin-
ion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,225.    Defendant
appealed.

*Errors assigned* were (1–9) various instructions, and refusal
to give binding instructions for defendant.

*W. H. M. Oram* and *J. E. Bastress*, for appellant.—The bor-
ough owed no duty to the plaintiff to keep this bridge or this
rural road absolutely or entirely safe : Monongahela City v.
Fischer, 111 Pa. 9 ; Forker v. Sandy Lake Bor., 130 Pa. 126 ;
Robb v. Connellsville Bor., 137 Pa. 42 ; Burns v. Bradford,
137 Pa. 361 ; Perkins v. Inhabitants of Fayette, 68 Maine, 152 ;
Com. v. King, 54 Mass. 115 ; Blake v. Newfield, 68 Maine, 365 ;
Keyes v. Village of Marcellus, 50 Mich. 439 (15 N. W. Repr.
542) ; City of Scranton v. Hill, 102 Pa. 378.

The plaintiff was clearly guilty of contributory negligence :
Penna. R. R. Co. v. Mooney, 126 Pa. 244 ; Brown v. Barnes,
151 Pa. 562 ; Monongahela City v. Fischer, 111 Pa. 9 ; Mulher-
rin v. Delaware, etc., Railroad Co., 81 Pa. 366 ; Moore v. P. W.
& B. Railroad Company, 108 Pa. 349 ; B. & O. R. R. Co. v.
Schwindling, 101 Pa. 258 ; Penna. R. R. Co. v. Bell, 122 Pa.
58.

*L. S. Walter*, with him *James Scarlet*, for appellee.

OPINION BY ORLADY, J., March 14, 1904 :

The first to the ninth assignments of error involve disputed
questions of fact in regard to which the evidence was not suffi-
ciently free from doubt to warrant the court in deciding that
the pavement, over which the plaintiff was walking when he
received his injuries, was a mere dirt or country road, remote
from the built up portion of the borough, as in Monongahela City

v. Fischer, 111 Pa. 9, and similar cases ; but there was sufficient evidence to sustain a contrary conclusion.　The accident happened on a street, with walks, buildings, well defined curbing, gutter and paving lines, on each side, and lighted by electric arc lights similar in character to the case of Wall v. Pittsburg, 205 Pa. 48.　The plaintiff testified that he did not know of the defect in the pavement; that he had not passed over the bridge within six months prior to the accident, and that owing to the imperfect lighting of the street the hole in the pavement was not noticeable by any reasonable care.　When the plaintiff was walking where he had a right to expect a safe pavement, he fell into a hole eight to ten inches wide and twelve to fifteen inches long, formed by a broken plank which the borough had permitted to remain in this dangerous condition for about three years.　Under the testimony of his witnesses the risk was not a known or obvious one.　The defect was not due to want of proper construction, but rather to improper maintenance of a much used highway after ample notice of its defects.　The route taken by the plaintiff was the most direct one to his destination, and the one generally used by persons going in his course.　He was not negligent in selecting a way, the dangerous condition of which he did not know, although he had knowledge by actual previous trial that another way was safe.　It was the borough's duty to keep this pavement in a reasonably safe condition for the use of the public by night or by day; the citizen must exercise only reasonable care in its use.　Whether the plaintiff exercised that care in this case was for the jury.　See Smith v. New Castle, 178 Pa. 298; Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172; Butcher v. Phila., 202 Pa. 1; Musselman v. Borough of Hatfield, 202 Pa. 489; Shaffer v. Harmony Borough, 204 Pa. 339.

As the appellant confined the argument to the assignments of error above mentioned, it is not necessary to consider the others.

The judgment is affirmed.

MORRISON, J., dissents.