## Jordan *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defect in sidewalk—Question for jury.*

In an action by a woman against a city to recover damages for personal injuries sustained by a fall on a sidewalk, the evidence showed that the plaintiff, although having some knowledge of the condition of the sidewalk at the place where she was injured, had not frequently passed in that direction. On the evening of the accident, accompanied by some children, she passed over the sidewalk safely, and noticed nothing unusual. On her return after dark, the street being dimly lighted, she trod upon a brick which turned under her weight and fell backward and dislocated or fractured the lower vertebra of the spine. A neighbor testified that the sidewalk was in bad condition of which the police had been frequently notified, and that the witness herself on a number of occasions arranged the bricks in the sidewalk, so as to make the passage thereon safe, but that the boys in the neighborhood carried the bricks away. There was also testimony that there was water in the street at the time of the accident. *Held*, that the case was for the jury, and that a judgment and verdict for plaintiff should be sustained.

Argued Oct. 18, 1905. Appeal No. 234, Oct. T., 1904, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1904, No. 1339, on verdict for plaintiff in case of Alfonso Jordan and Rosa Jordan, his wife, v. City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for Alfonso Jordan for $100 and for Rosa Jordan for $1,400.

*Error assigned* was in refusing binding instructions for plaintiff.

*Charles E. Bartlett*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant, cited: Hentz v. Somerset Boro., 2 Pa. Superior Ct. 225; Decker v. East Washington Boro., 21 Pa. Superior Ct. 211; Snyder v. Penn. Township, 14 Pa. Superior Ct. 145; Township of Crescent v. Anderson, 114 Pa. 643; Robb v. Connellsville Borough, 137 Pa. 42; Hill v. Tionesta Township, 146 Pa. 11; Haven v. Bridge Co., 151 Pa. 620; Smith v. New Castle, 178 Pa. 298; Boyle v. Boro. of Mahanoy City, 187 Pa. 1; Fleming v. City of Lock Haven, 15 W. N. C. 216.

*J. C. Levi*, of *Bamberger & Levi*, for appellees, cited: Musselman v. Hatfield Borough, 202 Pa. 489; Altoona v. Lotz, 114 Pa. 238; Easton Boro. v. Neff, 102 Pa. 474; Mintzer v. Greenough, 192 Pa. 137; Shaffer v. Harmony Borough, 204 Pa. 339.

OPINION BY BEAVER, J., November 21, 1905:

The refusal of the court below to affirm the point, that " Under all the evidence, the verdict must be for the defendant," is the only alleged error complained of in this case. The ground upon which such instruction was asked was that the plaintiff was guilty of contributory negligence and that the trial judge should have so instructed the jury.

As we view the evidence, this was not a question of law. There were elements of doubt in regard to it which made it a question of fact for the jury. " Whenever there is reasonable doubt as to the inference to be drawn from the facts established by the testimony, the question of negligence is necessarily for the jury:" Shaffer v. Harmony Boro., 204 Pa. 339. Negligence on the part of the defendant is not denied here, and could not be, under the circumstances. Was there reasonable doubt as to the inference to be drawn from the facts established by the testimony which carried the case to the jury?

The plaintiff was a woman of unusual domestic habits. Although residing in the neighborhood for several months and having some knowledge of the condition of the sidewalk at the place where she was injured, she had not frequently passed in that direction. On the evening of the accident, accompanied by the children of her brother, she passed over the sidewalk in question safely and noticed nothing unusual there. On her return after dark, the street being dimly lighted, she trod upon a brick which turned under her weight, fell backward and dislocated or fractured the lower vertebra of the spine. It was testified by a neighbor that the sidewalk was in bad condition, of which the police had been frequently notified ; that she herself, on a number of occasions, arranged the bricks in the sidewalk, so as to make the passage thereon safe, but that the boys in the neighborhood carried the bricks away. Whether or not she had so arranged the bricks on this particular occasion does not appear, but, if such had been the case, the plaintiff might easily have passed over them safely and with an appearance of their being safe, and, upon her return, if the bricks were not regularly laid, might have met with the accident, occasioned by the turning of a brick, concerning which she testifies and of which she complains, without the slightest negligence on her part. Assuming that the inferences to be drawn from the facts were doubtful, they were for the jury.

The plaintiff also testified that there was water in the street, so that it was unsafe to step down into it, even if she had known that the sidewalk was unsafe, but it does not seem to us that the case reached the stage at which it was necessary to determine whether or not she was bound to take some other route than the one upon which she was going in returning to her home, and that question is, therefore, unimportant. At the most it was a disputed question.

The general instructions of the trial judge in the court below were full and of such a character that the defendant had no right to complain of them. They were such that it is not to be wondered at that the only ruling of which the defendant complains was the refusal to instruct the jury to find for it. In this there was no error.

Judgment affirmed.