## Mountz *v.* North Versailles Township, Appellant.

*Negligence—Township—Hole in road—Question for jury.*

In an action by a woman against a township to recover damages
for personal injuries caused by a fall in a hole in a road, the evidence
showed that on one side of the road there was a bank that sloped to a
stream several feet below.    The bank had in places been worn away by
the action of water, and the bed of the road was undermined.    At one
place where the traveled way was only eight or nine feet wide, there
was a hole at the side of the road seven feet deep which had existed
there for several weeks.    The plaintiff knew of it, and while walking
with her daughter on a dark night, tried to avoid it by keeping in the
middle of the road.    She stepped within eighteen inches of the hole,
and the earth gave way under her feet.    *Held,* that the case was for the
jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 23, 1908.    Appeals, Nos. 175 and 176, Oct. T.,
1908, by defendant, from judgment of C. P. No. 1, Allegheny
Co., June T., 1903, No. 242, on verdict for plaintiffs in cases
of Lawrence Mountz and Margaret E. Mountz, his wife, v.

North Versailles Township. Before FELL, BROWN, MESTRE-ZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for Margaret E. Mountz for $6,000 and for Lawrence Mountz for $3,000. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*W. B. Rodgers*, with him *Stewart M. Cunningham*, for appellant.

*L. K. Porter*, with him *S. G. Porter* and *E. H. Stowe*, for appellees.

PER CURIAM, January 4, 1909 :

Margaret E. Mountz, one of the plaintiffs, was injured by falling into a hole at the side of a public road. The main question presented by the appeal is whether a case of negligence on the part of the township was made out, clear of contributory negligence on her part. On one side of the road there was a bank that sloped to a stream several feet below. According to the plaintiff's testimony the bank had in places been worn away by the action of water, and the bed of the road was undermined. At one place where the traveled way was only eight or nine feet wide, there was a hole at the side of the road seven feet deep. This hole had existed for several weeks. The plaintiff knew of it and while walking with her daughter on a dark night, tried to avoid it by keeping in the middle of the road. She stepped within eighteen inches of the hole, and the earth gave way under her foot. The testimony showed gross negligence by the township authorities and the exercise of care by her. She was not proceeding heedlessly in the presence of a known danger. Whether under the circumstances she should have taken greater care was not a question to be decided by the court.

The judgment is affirmed.