# Miller v. Montgomery Borough, Appellant.

*Negligence—Boroughs—Sidewalks—Contributory negligence—Case for jury.*

1. A traveler's previous knowledge of a defect in a highway whereby he is injured is not of itself sufficient, as a matter of law, to prevent his recovering on the ground of contributory negligence. If the evidence shows that the street can be used by the exercise of reasonable care, notwithstanding the defect, it is for the jury to determine whether the injured party performed the duty required of him under the circumstances.

2. Where a borough had cut away a section of a sidewalk so as to create a drop of nine inches and had converted the drop into a slope by inserting a plank at an angle in the intervening space, and the plank had become loosened, occasioning an injury to a person passing over it, such person is entitled to have his case against the borough go to the jury, although he may have had previous knowledge of the cut, but no knowledge of the loosening of the plank.

Argued Feb. 24, 1909. Appeal, No. 11, Feb. T., 1909, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1907, No. 276, on verdict for plaintiff in case of Joseph Miller v. Montgomery Borough. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for injuries sustained by a fall on a defective sidewalk. Before HART, P. J.

At the trial defendant presented these points:

4. If the jury find from the evidence that plaintiff knew of the defect in the sidewalk, and that he could have avoided it by walking in the street, or around the square, and that he voluntarily chose to take the risk of walking on the sidewalk in its defective condition, he was guilty of contributory negligence, and your verdict should be for the defendant. *Answer:*

Affirmed, if you find that an ordinarily prudent person would have taken a different route to his destination than that taken by the plaintiff, under the circumstances. [1]

9. Plaintiff having testified that he considered the sidewalk, at the place of the accident, dangerous; and that he could have safely passed it by walking in the street, which was safe but muddy, but that he took the risk, he was guilty of contributory negligence and your verdict should be for the defendant. *Answer:* This point is refused, and we say to you that if you find that an ordinary prudent man would have done so under the circumstances, then, of course, it was the duty of this plaintiff to have avoided this place at that time; and if you find that an ordinary prudent person would have so done and that the plaintiff did not, then, of course, he would have been guilty of contributory negligence and could not have recovered in this case. [2]

10. That under all the evidence in this case your verdict should be for defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Frank P. Cummings,* with him *W. E. Schnee,* for appellant.— A person who knows a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defects: Boyle v. Mahanoy City, 187 Pa. 1; Erie City v. Magill, 101 Pa. 616; Ry. Co. v. Taylor, 104 Pa. 306; Boro. v. Warne, 106 Pa. 373; Altoona v. Lotz, 114 Pa. 238; Barnes v. Sowden, 119 Pa. 53; Ry. Co. v. Cadow, 120 Pa. 559; Forker v. Boro. of Sandy Lake, 130 Pa. 123; Haven v. Bridge Co., 151 Pa. 620; Rick v. Wilkes-Barre, 9. Pa. Superior Ct. 399; Bechtel v. Mahanoy City Boro., 30 Pa. Superior Ct. 135.

The case was for the court: Forker v. Sandy Lake Boro., 130 Pa. 123; Haven v. Bridge Co., 151 Pa. 620; Fleming v. Lock Haven, 15 W. N. C. 216; Easton v. Neff, 102 Pa. 474.

*Emerson Collins,* with him *W. K. Bastian,* for appellee.—
Where the traveler has knowledge of a defect in the highway
it does not follow as a legal consequence that he must under all
circumstances avoid the use of it and reach his destination in
some other way. It is a question of the character and immi-
nency of the danger, and the difficulty or inconvenience of avoid-
ing it: March v.. Phœnixville Borough, 221 Pa. 64; Steck v.
Allegheny City, 213 Pa. 573; Holbert v. Philadelphia, 221 Pa.
266; Altodna v. Lotz, 114 Pa. 238; Easton Borough v. Neff, 102
Pa. 474; Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172.

OPINION BY HEAD, J., July 14, 1909:

If the law declares, as an unvarying rule of human conduct,
that where a citizen of a borough has knowledge of the existence
of a defect or obstruction in a street or sidewalk, which renders
its use dangerous, in any degree, he may not use it save at his
peril, then the plaintiff stands self convicted of a violation of the
rule and the trial court should have directed a verdict against
him. There can be no doubt as to the existence of the legal
principle that he who knows of a danger and voluntarily as-
sumes the risk of testing it, cannot be heard in an effort to place
upon another the responsibility for his consequent injury. In
the proper application of this principle it must and does fre-
quently appear that a plaintiff who has been hurt on such a
defective or obstructed street or sidewalk can exhibit no case
for a recovery against the municipality.

But in according to this principle its due recognition, we are
not to lose sight of the fact that, in its application to cases like
the one at bar, it must be so qualified as to keep it in harmony
with another, certainly no less fundamental and universal, to
wit: that negligence is always the absence of care under the cir-
cumstances. The reason and the effect of this qualification are
well stated in the careful opinion of Mr. Justice MESTREZAT in
Steck v. City of Allegheny, 213 Pa. 573, and we therefore quote
from it at some length: "Persons are not necessarily prohibited
from using a street of a city because it is defective or may be
possibly obstructed. . . . While such conditions may not, of
themselves, prevent the use of a street they nevertheless impose

upon the person using it a higher degree of care than if the street were free from obstructions. In such cases the party traveling the street must use that degree of care demanded by the circumstances of the particular case. If he is injured in the use of a street, known by him to be defective, and the evidence shows that when he entered upon it the danger was imminent and immediate, the court, as matter of law, may declare him guilty of negligence. On the other hand, when the testimony shows a defect of such a character that the street can be used with safety by the exercise of reasonable care, notwithstanding its defective condition, it is not for the court, but for the jury, to determine whether the injured party performed the duty required of him under the circumstances. In 15 Am. & Eng. Ency. of Law (2d ed.), 468, it is said, citing numerous decisions of many states, including our own, in support of the rule, that 'it is generally agreed that a traveler's previous knowledge of a defect in the highway whereby he is injured is not, of itself, sufficient, as a matter of law, to prevent his recovery on the ground of contributory negligence.' "

In Mellor v. Bridgeport, 191 Pa. 562, Chief Justice STERRETT said, " It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as matter of law, that the person using the more dangerous route is guilty of contributory negligence." In March v. Phœnixville, 221 Pa. 64, it was said: " Where the traveler has knowledge of a defect in the highway it does not follow, as a legal consequence, that he must under all circumstances avoid the use of it and reach his destination in some other way. It is a question of the character and imminency of the danger, and the difficulty or inconvenience of avoiding it." Stokes v. Ralpho Twp., 187 Pa. 333; Brown v. White, 206 Pa. 106; Borough of Easton v. Neff 102 Pa. 474; and Merriman v. Phillipsburg, 158 Pa. 78, emphasize the same doctrine and leave no doubt that there is no absolute rule of law as broad and unqualified as the one stated for illustration in the opening sentence of this opinion.

That there are, in some of the cases cited by the able counsel for the appellant, expressions which, at first blush, would seem

to warrant the conclusion he seeks to draw therefrom, need not be denied. In most of them certainly, if not in all, a careful analysis of the facts will show that these cases determine nothing antagonistic to the soundness of the conclusion necessarily reached from a study of the authorities we have cited. A brief reference then to the facts of the case at bar will show, we think, that the learned trial court committed no error in submitting to the jury, under instructions of which there is no complaint, the question of the plaintiff's contributory negligence.

Along one side of the Main street of the defendant borough there was a board sidewalk. This boardwalk had been cut away, over a distance of some feet, to allow a railroad siding to reach a building operation. As a consequence there was a drop of perhaps nine inches from the general surface of the sidewalk. Whether this railroad siding was to be permanent, or only temporary pending the continuance of the building operation, does not clearly appear and is, perhaps, immaterial. To obviate, to some extent, any danger from this change in the surface of the sidewalk, the borough had caused a plank to be fastened, at an angle of from forty five to sixty degrees, to the horizontal stringers of the boardwalk, thus converting the drop into a slope. Of this situation the plaintiff was fully apprised as he passed the point several times a day.

Whilst he frankly admitted, on cross examination, that he knew of this condition of the sidewalk; that he regarded it as fraught with some danger to a traveler thereon; that he had, on occasions, taken to the street to avoid it; yet he also declares that he had frequently passed over it in safety,—twice on the day of the accident,—and that numerous citizens of the borough did the same daily.

On an evening in September, when there was neither snow nor ice on the ground, but when the street was very muddy, he undertook to pass over this sidewalk. He says, knowing of the slope, he approached it with care. That the plank, without his knowledge, had become loosened. That, in some way, he stumbled against it. That it flew from its position and threw him upon the railroad track thus breaking his leg, and it is for this injury he seeks to recover.

We are not required, in this appeal, to consider the question of the negligence of the borough. That has been established by the verdict of the jury and we have no assignment of error attacking the correctness of their conclusion or the sufficiency of the evidence on which it rested. How, then, under the decisions we have reviewed and the facts we have stated, could the learned trial court have declared, as matter of law, that the sloping boardwalk, of which the plaintiff knew, threatened a danger so imminent and serious that a man of reasonable prudence and care would have taken to a muddy street rather than essayed the risk?

After an attentive examination of the entire record and the able argument of counsel for appellant we are of the opinion that the learned trial court committed no error in submitting to the jury, under proper instructions, the question of the plaintiff's contributory negligence. The assignments of error are overruled.

Judgment affirmed.