## Kuhns *v.* Upper Allen Township, Appellant.

*Negligence—Townships—Ropes stretched across road—Contributory
negligence—Case for jury.*

1. In an action by a federal mail carrier against a township to re-
cover damages for personal injuries sustained by running into a light
rope about one-half inch thick stretched to a height of three or four
feet above a road, the case is for the jury where it appears that the
plaintiff was operating with due care a small motor car at the time of
the accident; that the road in question was a short one connecting two
main roads; that on the day before, plaintiff had entered from one
main road, and had seen workmen repairing a cave-in which he passed
safely, and went on to the other main road; that immediately before
the accident he had entered the short road from the first main road,
saw a heavy rope stretched across the road, which he took down, and
again safely passed the cave-in where men were working who did not
warn him of anything ahead; and that he then proceeded observing
due care in the running of his machine, and struck the light rope which
injured him.

2. In such a case the plaintiff was under no obligation, as a matter
of law, to proceed by another road of which he knew.

Argued March 9, 1914. Appeal, No. 5, March T.,
1914, by plaintiff, from judgment of C. P. Cumberland

Co., May T., 1912, No. 49, on verdict for plaintiff in case of James H. Kuhns v. Upper Allen Township. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SADLER, P. J.

The circumstances of the accident are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $225. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*H. H. Mercer*, for appellant.—The right of the public to the use of the highways is subordinate to the right of the public authorities to make reasonable repairs for the public benefit: Crescent Twp. v. Anderson, 114 Pa. 643.

Defendant was bound to provide suitable barriers to guard persons from entering upon the dangerous road and failure to do so would have been a breach of duty for the consequences of which it would have been liable to damages: O'Malley v. Parson's Boro., 191 Pa. 612; Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87.

Negligence on part of the defendant cannot be assumed, but the negligent acts or omissions causing the injury must be affirmatively proven: Leidy v. Quaker City Cold Storage Co., 180 Pa. 323; Martin v. Williamsport, 208 Pa. 590.

It is well settled that one who knows of a dangerous condition of a road, or who by ordinary care may know it, and nevertheless uses it, cannot recover for injuries sustained because he has assumed the risk of such injuries: Crescent Twp. v. Anderson, 114 Pa. 643; Purcell v. Reibe, 227 Pa. 503; Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620.

It is well settled that persons using the public high-ways must look where they are going; must use their eyes: Robb v. Connellsville Boro., 137 Pa. 42; Shall-cross v. Phila., 187 Pa. 143; Stackhouse v. Vendig & Co., 166 Pa. 582.

*Caleb S. Brinton,* for appellee.—The negligence of the township was for the jury: Gramlich v. Wurst, 86 Pa. 74; Esher v. Mineral R. & M. Co., 28 Pa. Superior Ct. 387; Murphy v. Crossan, 98 Pa. 495; Neslie v. Second & Third St. Pass. Ry. Co., 113 Pa. 300; Citizens' Pass. Ry. Co. v. Foxley, 107 Pa. 537; Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487; Hutchins v. Plymouth Twp., 241 Pa. 141; Wood v. Bridgeport Boro., 143 Pa. 167.

The plaintiff was not guilty of contributory negli-gence: Hutchins v. Plymouth Twp., 241 Pa. 142; Isem-inger v. York Haven W. & P. Co., 206 Pa. 591; Blooms-burg Steam Co. v. Gardner, 126 Pa. 80.

OPINION BY HEAD, J., July 15, 1914:

In determining whether or not the learned trial judge should have withdrawn this case from the consideration of the jury and whether this court should now reverse the judgment that followed the verdict for the plaintiff, we accept the facts as testified to by the plaintiff. If, as to some of these, the testimony before the jury was conflicting, that is not a matter which here and now concerns us.

The road of the defendant township on which the accident occurred is about a mile in length and con-nects two more important and traveled highways known respectively as Grantham road and Lisburn road. The plaintiff was a mail carrier in the service of the govern-ment and his duties ordinarily required him to traverse the road in question every day for the delivery of mail to at least two citizens residing thereon. In the perform-ance of his duties he traveled in a small runabout motor

car, and his skill and competency to handle it are not questioned. On the afternoon of November 21, 1912, word was received by one of the supervisors of the defendant township that a break or cave in had occurred on the short road near the point where it left the Grantham road. He and the local road master went at once to the spot and with the use of stakes and a lantern properly marked the dangerous spot. On the following morning, with a force of men, work was begun to repair the defect. On that morning the plaintiff, in accordance with his custom, entered this road from the Grantham road. He was able to see that men were working on the highway and approached the spot with caution. He found the break did not extend across the entire surface of the highway, and by the exercise of care was able to pass in safety and without any special difficulty. He delivered his mail and passed from the road into the Lisburn road at the other end. On the succeeding day, November 23, the morning being cold and frosty, he again turned into the short road from the Grantham road. At a bridge, which at that point carried the short road across a stream, he saw a large heavy rope fastened at one end to the railing of the bridge, the other end lying loose in the roadway. He called to the men whom he saw at work as on the day before, but was unable to hear their reply if any was made. He laid the rope to one side, drove his car past it and slowly approached the spot where the men were working. He testifies his conclusion was, if the defect were no more extensive than it had been on the previous day, he could easily pass it with safety. If he found it to extend clear across the road, he could turn his car and reach his destination by another but longer road. As he approached the cave in he discovered it to be in practically the same condition as on the day before, and slowly drove his car by it without experiencing any difficulty. Again he delivered his mail to the two families referred to and proceeded to pass out of the short road where it entered

the Lisburn road already referred to. He was driving his car at moderate speed and it was under perfect control. He was watching the road, looking for vehicles or pedestrians on the more traveled road into which he was about to enter, when his car ran against a light rope about one-half inch thick, which the supervisors that morning had stretched across this end of the road about three-fourths of a mile from the defect in the road described. As a result his car was considerably damaged and he himself somewhat injured. To recover damages for these injuries he brought this suit.

It was of course the duty of the supervisors to proceed at once to repair the dangerous defect in the highway. If, in the exercise of their discretion, they deemed it prudent to close the short road at both ends, no one could or does complain that this would be a breach of duty on their part, but their right to close the road does not relieve them from responsibility for the exercise of that right in a careless or negligent manner. As we have seen, the plaintiff passed the defect in the road on the 22d and found no obstruction at the Lisburn end of it. He again passed the defect and the township's officers working there on the morning of the 23d, and was not warned that a rope was stretched across the exit of that road nearly a mile away. The rope itself was small; it was suspended from three to four feet above the surface of the ground. The plaintiff testifies he was exercising care in driving his machine and did not see the rope. There was no warning by any more substantial or visible barricade, by notice or otherwise, that the rope was there. Could a court declare, as a matter of law, that if the plaintiff had exercised reasonable care he must have seen the rope? We cannot think so. The conclusion that he did see it, in the face of his testimony to the contrary, is by no means the unavoidable and necessary inference to be drawn from his testimony. Clearly, if the supervisors, in the exercise of their right to close the road, had stretched one or more strands of

thin wire across it, nobody would doubt that would be a mantrap and a danger to the traveler much greater than the defect in the road of which it was intended to give notice. Did they exercise reasonable prudence and care in selecting such a thin rope and stretching it several feet above the ground without any other warning to the traveler than his own sight might furnish? These inquiries it seems to us could only be resolved by a jury, and the learned court could not have with propriety done otherwise than submit to that body the questions of the defendant's negligence and the contributory negligence of the plaintiff.

The decisions of the courts in what are commonly called "negligence cases" are beyond enumeration and it is useless to attempt to review and analyze them in each recurring case. The same principles are reiterated in all of them and the real question in every such case is the application of those well-understood principles to the established facts. We have examined with care all of the many cases cited in the able brief filed by appellant's counsel, and we are satisfied no one of them can be said to control the present case and necessarily lead to the conclusion urged upon us by the appellant. Certainly in our view the case at bar presents in the facts, as we have stated them, many points of difference from Canavan v. Oil City, 183 Pa. 611, and Martin v. Williamsport, 208 Pa. 590. If any case of all those cited may fairly be considered as closely resembling the one at bar, it would be Martin v. Williamsport, supra. In that case the accident occurred along a street devoted exclusively to residential purposes. The ordinary foot travel along it was amply provided for without the use of the entire space of the sidewalk. It had been the custom of the citizens for years to decorate and beautify a small portion of the legal sidewalk with trees, grass, shrubbery and flowers. To protect these, small uprights extended along the side of the walk and wire was stretched on these uprights. The plaintiff,

at the time of his injury, was not using the sidewalk in the ordinary and customary manner of travelers thereon. The reason of the decision, as we interpret it, is apparent from the following excerpt taken from the opinion of the court: "Where was the want of care on the part of the city? It is not an insurer against accidents. It was not bound to prohibit residents beautifying their homes and the streets by the cultivation of grass plots on that part of the sidewalk which was not necessary for public passage. We do not say that plaintiff had no right to cross over from one side of the street to the other through the grass plot, we only say there was no duty on the part of the city to provide him with an unusually safe path through the grass plot at that particular point that he might hurriedly cross the street to meet his friend." In the case at bar we have to deal with a rural highway. The plaintiff was making the ordinary and intended use of that highway. He was traveling with due care. The obstruction which caused his injury had just that morning been placed there by the officers of the township. He had passed them nearly a mile away and been given no warning of this obstruction. It was not of such tangible or visible character that a court could declare, as matter of law, the plaintiff must have seen it if he had been observing ordinary care. These considerations, as we think, clearly distinguish our case from the Williamsport case and a fortiori from the many others which do not at all resemble it in the underlying facts. Without attempting to cite any of the many authorities in which it has been held that the jury must determine, under unusual and unexpected conditions, what is the exercise of ordinary prudence and care, we reach the conclusion the learned trial judge was right in submitting both of the questions first indicated to the determination of the jury. The assignments of error which complain of such submission must therefore be overruled.

It is clear enough the mere fact the plaintiff was a

mail carrier whose duties ordinarily required him to traverse the road in question would not relieve him of the obligation imposed on every traveler to use due care according to the circumstances. When he entered the road in question he had warning not merely by the rope which he found at the bridge that some defect in the highway might be expected, but because he had seen that defect the day before and because he could then see the men engaged in repairing it. All these things, however, were naturally calculated to direct his attention to the defect in the road and to prompt him to the exercise of unusual care in passing it. Did they at the same time warn him of an artificial obstruction placed by the supervisors in the road nearly a mile away? No court could so say, as matter of law, but there was no impropriety in permitting proof of the fact that the plaintiff was a mail carrier; that he was not a mere pleasure seeker on that road; and it would be for the jury to say whether there was any danger so imminent and threatening as ought to deter a reasonable man in declining to pass over the road.

Again the learned trial judge could not have said, as matter of law, that because there was another road which the plaintiff knew, he was obliged to take that road, and could not recover because he did not. There is no such broad principle controlling cases of this character as is stated in the defendant's seventh point, eighth assignment of error: Steck v. Allegheny, 213 Pa. 573; McManamon v. Hanover Twp., 232 Pa. 439; Miller v. Montgomery Boro., 39 Pa. Super. Ct. 597. The remaining assignments of error raise no question which invites any particular discussion and they are all overruled.

Judgment affirmed.