# McKelvey, Appellant, *v.* Juniata Borough.

*Negligence—Boroughs—Defective street—Notice—Constructive notice—Contributory negligence.*

1. In an action against a borough by a woman to recover damages for personal injuries suffered by falling into a hole in a street, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained, where it appears that the accident happened at night time in a highway opened as a public thoroughfare in which there were no sidewalks; that plaintiff fell into a hole nearly three feet deep, and about two feet from a path in the street along which she was walking; that the hole had been made by a natural gas company about a year before, and that the hole existed substantially at the depth which it was found to be at the time of the accident, for at least a month previous; and that defendant's superintendent of streets visited the locality a short time before the accident, and at that time saw the defective condition of the street.

2. In such a case, the fact that the location of the street was in the outskirts of the borough and little used, although a matter to be considered in determining the extent of the borough's duty, did not relieve the borough from its obligation of maintaining the highway in a reasonably safe condition for public travel under all the circumstances.

3. The plaintiff in such a case cannot be charged with contributory negligence as a matter of law, where it appears that although she had used the street "pretty often" she had not observed its dangerous condition, because the defect was hidden by weeds growing along the edge of the path.

Argued April 21, 1919. Appeal, No. 179, Jan. T., 1919, by plaintiff, from judgment of C. P. Blair Co., March T., 1918, No. 1, and June T., 1918, No. 232, for defendant n. o. v. in case of Ada M. McKelvey v. Juniata Borough. Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ. Reversed.

Trespass for personal injuries. Before Bailey, P. J., specially presiding.

At the trial the jury returned a verdict for plaintiff

for $2,360.  Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*R. A. Henderson,* for appellant.

*S. B. Hare,* with him *D. E. North,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 21, 1919:

Plaintiff sued to recover for injuries sustained by falling into a washout on the side of Seventh avenue in the Borough of Juniata, on the evening of October 23, 1916, about 7:30 o'clock.  The trial resulted in a verdict for plaintiff; but subsequently judgment non obstante veredicto was entered for defendant on the ground of insufficient evidence to show constructive notice to the borough of the existence of the defective street, and that if the dangerous condition was so obvious that the municipality could be presumed to have had actual notice by reason of a visit of the street commissioner to the neighborhood shortly before the accident, plaintiff, owing to her familiarity with the neighborhood, also was aware, or should have known, of its existence, and, consequently, was guilty of contributory negligence in using at night the path leading across the unlighted street.

The avenue on which the accident occurred is in the outskirts of the town and little used; it was, however, a duly accepted highway open as a public thoroughfare.  There were no crossings or sidewalks constructed in the vicinity; but paths crossed and ran parallel with the roadway at certain places which pedestrians were accustomed to use.  The opening in which plaintiff fell was two feet from the path along which she was walking and was "nearly two feet deep."  A little more than a year previous to the accident, and at that point, a natural gas company made an excavation for the purpose of con-

necting an adjoining house with its gas main and installed at the curb line a curb box consisting of a pipe extending from the surface of the ground to a depth of about two feet where it connected with the service pipe leading into the dwelling house of the consumer. Following the making of the connection, water running in the gutter flowed over the curb box washing away the loose earth and creating the opening into which plaintiff fell. There is evidence that the defective condition existed substantially of the depth it was found to be at the time of the accident for at least a month previous.

It being conceded the street was a public thoroughfare open to and used by the public, the fact that its location was in the outskirts of the borough and little used, although a matter to be considered in determining the extent of the municipality's duty with respect to its condition, did not relieve the borough from its obligation of maintaining its highway in a reasonably safe condition for public travel under all the circumstances: Wall v. Pittsburgh, 205 Pa. 48; Emery v. Phila., 208 Pa. 492, 498.

Defendant's negligence in this respect was properly submitted to the jury and the only questions now requiring our consideration are whether the borough had notice, either actual or constructive, of the defective condition of the avenue and whether plaintiff was guilty of contributory negligence.

Defendant's superintendent of streets visited the locality a short time before the accident for the purpose of connecting plaintiff's dwelling house with the water main laid in the street, and at that time saw the defective condition of the roadway at the curb box in question. If the defect was dangerous and existed as testified by witnesses for plaintiff, defendant's official having charge of the municipal highways had personal knowledge of that fact. Aside from this, however, the existence of a defect of the character claimed for the length of time testified to by witnesses for plaintiff is sufficient to support a finding

that defendant had constructive notice of the danger: Llewellyn v. Wilkes-Barre, 254 Pa. 196.

The testimony fails to sustain the conclusion of the court below that plaintiff was guilty of contributory negligence. Although she resided in the neighborhood for a year and eight months, twelve years previous to October, 1916, and had returned about a month before the accident, and while she admitted that during the time since her return she crossed the street "pretty often" on a path located a few feet from the place of the accident, she denied having observed the washed out condition of the street at the curb box, hidden, as she says, by weeds growing along the edge of the path, although visible from the porch of the neighboring house. The danger, under the circumstances, was not so obvious as to justify the trial judge in holding as matter of law that plaintiff was negligent in undertaking to cross the street at night without a light to guide her: Musselman v. Hatfield Boro., 202 Pa. 489; Wall v. Pittsburgh, 205 Pa. 48, 52; Miller v. Montgomery Boro., 39 Pa. Superior Ct. 597.

The trial judge submitted all questions to the jury on a charge of which no complaint is made, and a verdict was rendered in favor of plaintiff for an amount which, under the evidence, seems to be reasonable. We are of opinion, however, the entry of judgment for defendant non obstante veredicto was not warranted under the facts established by the evidence.

The judgment is reversed and it is directed that judgment be entered for plaintiff on the verdict.